THE COUNTY OF COOK *et al.*, Petitioners-Appellees and Cross-Appellants, v. ILLINOIS FRATERNAL ORDER OF POLICE LABOR COUNCIL, Respondent-Appellant and Cross-Appellee.

First District (2nd Division)    No. 1—03—3240

Opinion filed June 30, 2005.

Illinois Fraternal Order of Police Labor Council, of Western Springs (Tamara L. Cummings, of counsel), for appellant.

Meckler, Bulger & Tilson, of Chicago (Joseph E. Tilson and J. Stuart Garbutt, of counsel), for appellees.

JUSTICE GARCIA delivered the opinion of the court:

This appeal concerns the application of section 14(k) of the Illinois Public Labor Relations Act (Act) (5 ILCS 315/14(k) (West 2002)) to an arbitration award that became part of a collective-bargaining agreement between the petitioners, County of Cook and sheriff of Cook County (collectively County), and the respondent, Illinois Fraternal Order of Police Labor Council (Union). See 5 ILCS 315/14(n) (West 2002). For the reasons that follow, we affirm the judgment of the circuit court in part and reverse it in part.

## I. Background

The County employs approximately 120 deputy sheriff sergeants who are represented for collective bargaining under the Act by the Union. In the course of collective bargaining, the County and Union reached an impasse on two issues, including wages, for fiscal years 2000 through 2002. The Union proposed a wage increase of 23% over

the life of the contract, December 1, 1999, through November 30, 2002; the County proposed an increase of 16.5%.[1]

Pursuant to the Act, the parties submitted those issues to mandatory interest arbitration. On January 30, 2002, following a hearing and arguments, the arbitrator adopted the Union's proposal. On February 7, 2002, the County rejected the arbitration award. On July 15, 2002, following an additional hearing, the arbitrator rendered a supplemental decision upholding its prior ruling adopting the Union's proposal (hereinafter arbitration award). The arbitration award thus became the final decision as to the mandatory interest arbitration, which was subject to review in the circuit court under section 14(k) of the Act.

In August 2002, the County filed a petition for review of the arbitration award in the circuit court. In September 2002, the County filed a motion to partially stay enforcement of the arbitration award pending the ultimate outcome of the review. On November 20, 2002, the court granted the motion and allowed the County to implement its proposed wage increases totaling 16.5% (hereinafter November 20 order). In February 2003, the County implemented these wage increases. On March 18, 2003, the court denied the County's petition for review and confirmed the arbitration award (hereinafter March 18 order).

In June 2003, the Union filed a motion in the circuit court to enforce the arbitration award. On July 9, 2003, the court entered an order that required the County to produce, within 30 days, (1) a list of names of deputy sheriff sergeants covered by the arbitration award, (2) the date the new pay scale was implemented, (3) the date, and the manner in which, the retroactive payments were made, and (4) the amount of any pay increases (hereinafter compliance reports). The order also required the County to pay the sergeants the statutory interest of 12% retroactive from December 1, 1999, through November 30, 2002 (hereinafter July 9 order).

The County moved the circuit court to reconsider its July 9 order. On September 24, 2003, the court denied the motion as it pertained to the production of compliance reports. However, the court modified its

---

[1] The Union's proposal called for wage increases amounting to 9.5% for fiscal year 2000; 6.75% for fiscal year 2001; and 6.75% for fiscal year 2002—for a total of 23% over the life of the agreement. Generally, the County's proposal called for a 5.5% increase for fiscal year 2000; a new pay grade of approximately 4% in fiscal year 2001; 3% increase for fiscal year 2001; 1% special equity adjustment; and a 3% increase for fiscal year 2002—for a total increase of 16.5%.

order with respect to the payment of statutory interest. The court held that the statutory interest applied only to the difference (6.5%) between what the County paid under the court's November 20 order (16.5%) and the full amount awarded by the arbitrator (23%); the interest was due retroactive from the effective date of the increases, December 1, 1999 (hereinafter September 24 order). The court also held that "[t]here is no just reason to delay enforcement or appeal." This appeal followed.

## II. Analysis

Both the County and the Union appeal the judgment of the circuit court. The County argues that the court did not have jurisdiction to modify and supplement its March 18 order and did not have the statutory authority to require the County to produce the compliance reports. Both parties challenge the court's order concerning statutory interest. The Union argues that the interest should apply to the full arbitration award and is due retroactive from December 1, 1999. The County argues that the interest should apply only to the difference between what the County already paid pursuant to the November 20 order and the amount of the arbitration award. The County also argues that the interest is retroactive only from July 10, 2002, the date of the arbitration award, or at the earliest, January 30, 2002, the date of the initial arbitration decision.

## A. Appellate Court Jurisdiction

Before we consider the parties' arguments, we must determine whether this court has jurisdiction to hear this appeal. In the September 24 order, the circuit court ordered the County (1) to pay statutory interest on the difference between what the County paid under the November 20 order and the amount of the arbitration award and (2) to produce the compliance reports. The order also contained a written finding that there was no just reason for delaying enforcement or appeal. Both parties assert that this court has jurisdiction to hear this appeal pursuant to Illinois Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).

■ Rule 304 permits appeals from final judgments that do not dispose of an entire proceeding. Section (a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 155 Ill. 2d R. 304(a).

" 'A judgment is final if it determines the litigation on the merits so

that, if affirmed, the only thing remaining is to proceed with the execution of the judgment.' " *Lewis v. Family Planning Management, Inc.*, 306 Ill. App. 3d 918, 921, 715 N.E.2d 743 (1999), quoting *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 171, 429 N.E.2d 483 (1981).

■ The circuit court's judgment requiring the County to pay statutory interest was a final judgment and is properly before this court. However, the court's judgment concerning the production of compliance reports was akin to a discovery order, which is not appealable under Rule 304(a). See *Lewis*, 306 Ill. App. 3d at 921-22 (discovery orders are not appealable under Rule 301, 304, 306, or 307, and are only appealable under Rule 308 if certain conditions are met).

If the County wants to secure review of this discovery order, it could refuse to comply with the order and be found in contempt. When a party refuses to comply with a discovery order, a trial court will be forced to find the party in contempt and to impose appropriate sanctions. *Lewis*, 306 Ill. App. 3d at 922. A contempt order that imposes sanctions is final and appealable pursuant to Rule 304(b)(5). 155 Ill. 2d R. 304(b)(5); *Lewis*, 306 Ill. App. 3d at 922. Because no contempt order was issued, this court does not have the jurisdiction to review the circuit court's judgment concerning the production of compliance reports.

## B. Circuit Court Jurisdiction

■ The County argues that the circuit court lacked jurisdiction to enter its July 9 and September 24 orders. The County contends that the March 18 order, which denied its petition to review the arbitration award and confirmed the award, fully and completely disposed of the County's petition. Pursuant to section 2—1203 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1203 (West 2002)), any motion asking the court to modify that order or for additional relief had to be filed within 30 days. The County contends that the Union's motion to enforce the arbitration award sought "other relief" and was a section 2—1203 motion; further, because it was filed more than 30 days after the March 18 order, the court lacked jurisdiction to enforce the order. The Union argues that the court retained jurisdiction to enforce its March 18 order indefinitely.

A circuit court generally retains jurisdiction over cases pending before it until a final judgment is entered and the litigation is effectively terminated between the parties in that court. *Brigando v. Republic Steel Corp.*, 180 Ill. App. 3d 1016, 1020, 536 N.E.2d 778 (1989). There is, however, an exception to the general rule relevant to this case—a circuit court has the inherent authority to enforce its orders and judgments. *American Society of Lubrication Engineers v.*

*Roetheli*, 249 Ill. App. 3d 1038, 1042, 621 N.E.2d 30 (1993), citing *Cities Service Oil Co. v. Village of Oak Brook*, 84 Ill. App. 3d 381, 384, 405 N.E.2d 379 (1980) ("It is an elementary principle of law that judicial power essentially involves the right to enforce the results of its own exertion"). Because the statutory interest was mandatory under section 14(k) of the Act, the circuit court was merely exercising its inherent authority by ordering its payment.

The County argues that, in its motion, the Union did not merely ask the circuit court to enforce its order, but it sought other relief pursuant to section 2—1203 of the Code. Section 2—1203 provides that a court has 30 days after the entry of a final judgment to hear motions "for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2—1203 (West 2002). To qualify as a motion under section 2—1203, one or more of the types of relief specified in that section must be specifically requested; a request for "other relief" must be similar in nature to the other forms of enumerated relief. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 461-62, 563 N.E.2d 459 (1990).

The Union's motion to enforce the arbitration award was not a motion pursuant to section 2—1203 of the Code. The Union did not request "other relief" that would have either modified or affected the arbitration award. Instead, the Union moved the circuit court to enforce the award through the payment of back pay and statutory interest. The court, therefore, retained jurisdiction to enter both the July 9 and September 24 orders.

## C. Statutory Interest

Because the circuit court had the jurisdiction to order the County to pay the statutory interest required under section 14(k) of the Act, we now must determine what constitutes an "award of money" and the "effective retroactive date."

Section 14(k) provides:

"Orders of the arbitration panel shall be reviewable, upon appropriate petition by either the public employer or the exclusive bargaining representative, by the circuit court for the county in which the dispute arose or in which a majority of the affected employees reside, but only for reasons that the arbitration panel was without or exceeded its statutory authority; the order is arbitrary or capricious; or the order was procured by fraud, collusion or other similar and unlawful means. Such petitions for review must be filed with the appropriate circuit court within 90 days following the issuance of the arbitration order. The pendency of such proceeding for review shall not automatically stay the order of the arbitration panel. The party against whom the final decision of any

such court shall be adverse, if such court finds such appeal or petition to be frivolous, shall pay reasonable attorneys' fees and costs to the successful party as determined by said court in its discretion. *If said court's decision affirms the award of money, such award, if retroactive, shall bear interest at the rate of 12% per annum from the effective retroactive date.*" (Emphasis added.) 5 ILCS 315/14(k) (West 2002).

"The cardinal rule of interpreting statutes, to which all other canons and rules are subordinate, is to ascertain and give effect to the intent of the legislature." *McNamee v. Federated Equipment & Supply Co.*, 181 Ill. 2d 415, 423, 692 N.E.2d 1157 (1998). The plain language of a statute provides the most reliable indicator of legislative intent, and courts will not depart from that language by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent. Statutory construction is a question of law that this court reviews *de novo. Hawes v. Luhr Brothers, Inc.*, 212 Ill. 2d 93, 105, 816 N.E.2d 345 (2004).

### 1. *Award of Money*

■ The Union argues that the "award of money" referenced in section 14(k) of the Act refers to the entire arbitration award of 23%. The Union contends that not only is the language of the statute clear and unambiguous, but this interpretation is consistent with the public policy behind the Act, *i.e.*, to provide an expeditious, equitable, and effective procedure for the resolution of labor disputes.

The County argues that "award of money" refers only to the amount that was in dispute—the difference between what the County paid under the circuit court's November 20 order, *i.e.*, the County's final settlement proposal, and the total amount of the arbitration award, *i.e.*, the Union's final proposal. The County contends that because the arbitrator was required to select either the County's or the Union's final proposal, the 16.5% wage increase proposed by the County was never in dispute. Thus, according to the County, the circuit court affirmed only the 6.5% difference between their proposals.

We find that the plain language of section 14(k) is clear and unambiguous; "award of money" means any monetary award ordered by the arbitrator. In this case, the arbitrator ordered, and the circuit court confirmed, a 23% wage increase over the life of the collective-bargaining agreement. This reading is consistent with the language used throughout section 14(k), which discusses reviewing arbitrators' orders. The section provides that an order may be reviewed only in limited circumstances. During the pendency of the review proceeding, the order is not automatically stayed. If the order provides for an award of money, and that award is affirmed and retroactive, the award

bears statutory interest. The legislature, in enacting this section, was cognizant that an arbitration award was not automatically stayed during the review proceedings; yet, the legislature provided that if, in the course of the review proceedings, the circuit court affirmed the award, the award would bear interest.

Although the Act does not define the term "arbitration award" or "award of money," the Uniform Arbitration Act (Arbitration Act) (710 ILCS 5/1 *et seq.* (West 2002))[2] provides that an "award shall be in writing and signed by the arbitrators joining in the award" (710 ILCS 5/8 (West 2002)), and that upon application of a party, the circuit court "shall confirm an award" (710 ILCS 5/11 (West 2002)). In this case, the arbitrator's written and signed order adopted the Union's final settlement proposal, which provided for the 23% wage increase. The circuit court then confirmed that award of money.

We therefore find the circuit court erred in determining that the "award of money" meant only the difference between the County's final offer and the Union's final offer. Instead, the County is required to pay the 12% statutory interest on the arbitration award, which in this case was the Union's final offer—a 23% wage increase over the life of the collective-bargaining agreement.

## 2. *Effective Retroactive Date*

The parties also disagree as to the meaning of "effective retroactive date." The Union agrees with the circuit court that the statutory interest must be paid from the retroactive date of the arbitration award, December 1, 1999. The Union argues that the County inexcusably delayed paying the deputy sheriff sergeants any wage increase until February 14, 2003, and a determination that the County is not liable for interest from the effective date of the contract would reward the County for its delay tactics.

The County argues that the term "effective retroactive date" is subject to two interpretations: (1) the retroactive date of the arbitration agreement or (2) the period of retroactivity arising from the judicial review proceedings. The County argues that in this case, the first interpretation produces absurd results because the arbitrator did not issue his final order until July 10, 2002, over two years after the retroactive date of the collective-bargaining agreement. The County argues that any period of delay prior to the issuance of the arbitrator's decision was not associated with the County having sought judicial review and, therefore, interest cannot be due for that time period.

---

[2]Section 8 of the Act provides that the grievance and arbitration provisions of any collective-bargaining agreement are subject to the Arbitration Act. 5 ILCS 315/8 (West 2002).

We disagree with the County that "effective retroactive date," as used in section 14(k), is reasonably subject to two interpretations and find that the plain language of the statute is clear and unambiguous. While we recognize that section 14(k) is concerned with the delay that results from judicial review of collective-bargaining agreements, the plain language of the statute does not speak to that delay. Section 14(k) provides, "[i]f said court's decision affirms the award of money, such award, *if retroactive*, shall bear interest at the rate of 12% per annum *from the effective retroactive date.*" (Emphasis added.) 5 ILCS 315/14(k) (West 2002). This penalty provision clearly references the retroactive date of the award of money. Where an award of money is retroactive, it will bear interest from the effective retroactive date of the award.

In this case, the effective retroactive date of the award is the effective date of the pay increases in the collective-bargaining agreement, December 1, 1999. We therefore affirm the circuit court's judgment that the statutory interest is due from that date.

### III. Conclusion

For the reasons stated we affirm in part and reverse in part the judgment of the circuit court. The County is ordered to pay 12% statutory interest on the arbitration award retroactive from December 1, 1999, through November 30, 2002.

Affirmed in part and reversed in part.

BURKE, P.J., and WOLFSON, J., concur.