No. 2--06--0897     Filed: 5-16-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re MARRIAGE OF | ) | Appeal from the Circuit Court |
| MARY BETH SINGEL, | ) | of Lake County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 03--D--1130 |
| | ) | |
| THOMAS J. SINGEL II, | ) | Honorable |
| | ) | Diane E. Winter, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Respondent, Thomas J. Singel II, appeals from an order denying his motion for additional time in which to file a postjudgment motion under section 2--1203(a) of the Code of Civil Procedure (735 ILCS 5/2--1203(a) (West 2004)) against a judgment dissolving his marriage to petitioner, Mary Beth Singel. We agree with petitioner that we lack jurisdiction, and we dismiss the appeal.

On April 3, 2006, the trial court entered a judgment dissolving the parties' marriage and resolving all of the issues raised by petitioner's dissolution petition. Thirty days later, on May 2, 2006, respondent filed a "Motion for Extension of Time for Filing of Motion to Reconsider Judgment of April 3, 2006." The motion alleged that, on May 1, 2006, respondent retained new counsel and that, because counsel had not yet received the case file from the previous attorney or reviewed the trial transcripts, he could not file a postjudgment motion within the 30-day limit of section 2--1203(a). Citing Supreme Court Rule 183 (134 Ill. 2d R. 183), the motion requested an extension of time in

which to file a motion to reconsider the judgment. Respondent did not actually file a motion to reconsider the judgment, either within 30 days or at any time thereafter.

On June 8, 2006, petitioner responded to the motion. She contended first that Rule 183 did not apply to the time limit set by section 2--1203(a) and thus could not enable respondent to obtain an extension. Petitioner observed that, under section 2--1203(a), a postjudgment motion must be filed "within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof." 735 ILCS 5/2--1203(a) (West 2004). She contended that, because respondent had neither filed a postjudgment motion nor obtained an extension within 30 days after the entry of the dissolution judgment, the trial court lacked jurisdiction to grant the extension or any other relief.

On August 15, 2006, the trial court "denied" respondent's motion. The court held that it had lost jurisdiction over the case because no proper postjudgment motion had been filed within 30 days of the judgment.[1] On September 12, 2006, respondent filed a notice of appeal.

We must dismiss this appeal as untimely. A notice of appeal from a final judgment must be filed within 30 days after the entry of the judgment or, if a timely motion directed against the judgment is filed, within 30 days after the entry of the order disposing of the last pending motion directed against the judgment. 210 Ill. 2d R. 303(a)(1). Here, respondent filed his notice of appeal

---

[1]The trial court's order also granted petitioner's postdissolution petition for a rule to show cause against respondent and allowed her to file a petition for the attorney fees that she incurred in bringing the petition. The order stated that there was no just reason to delay the enforcement or appeal of the part of the order denying respondent's motion for more time in which to file a motion to reconsider the dissolution judgment. See 210 Ill. 2d R. 304(a).

on September 12, 2006, more than 30 days after the entry of the dissolution judgment. Thus, his appeal is untimely unless there was a timely postjudgment motion that extended the time in which to appeal. There was no such motion.

A proper postjudgment motion under section 2--1203(a) must request a rehearing, retrial, modification or vacatur of the judgment, or similar type of relief against the judgment. County of Cook v. Illinois Fraternal Order of Police Labor Council, 358 Ill. App. 3d 667, 672 (2005). As its title indicates, respondent's "Motion for Extension of Time for Filing of Motion to Reconsider Judgment" did not request relief against the judgment, but merely permission to file a motion that would do so. Therefore, because respondent did not file a proper postjudgment motion, his notice of appeal was untimely. Because a timely notice of appeal is jurisdictional, his appeal must be dismissed. See Lowenthal v. McDonald, 367 Ill. App. 3d 919, 925 (2006).

Contrary to what respondent contends, it does not matter that he filed his motion for an extension of time within 30 days after the entry of the judgment. Under section 2--1203(a), an initial extension beyond the 30-day limit must be granted within that 30-day period. Lowenthal, 367 Ill. App. 3d at 921-22.

Finally, respondent's reliance on Rule 183 is in vain. Even if, arguendo, the rule authorized the trial court to grant an extension past the deadline set by section 2--1203(a), the fact remains that the trial court did not do so within the 30 days required by section 2--1203(a). In any event, however, we agree with petitioner that Rule 183 does not apply here. The rule allows the trial court to extend the time for filing a "pleading" or for "the doing of any act which is required by the [supreme court] rules." 134 Ill. 2d R. 183. By its plain terms, the rule applies only to the time limits for pleadings and to time limits that have been set by the supreme court rules. Robinson v. Johnson,

346 Ill. App. 3d 895, 905 (2003). Therefore, the trial court could not have used Rule 183 to grant respondent more time to file a postjudgment motion under section 2--1203(a).

The appeal from the judgment of the circuit court of Lake County is dismissed.

Appeal dismissed.

BYRNE, J., concurs.

JUSTICE O'MALLEY, specially concurring:

While I concur in the judgment of the court, I write separately to explore the trial court's conclusion that it lost jurisdiction over the matter after 30 days had elapsed and before it had entered a judgment on respondent's motion for an extension of time to file a motion to reconsider. The trial court held that it lost jurisdiction over the case because no proper postjudgment motion had been filed within 30 days of the final order. In Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill. 2d 325 (2002), our supreme court considered the nature of subject matter jurisdiction and the legislature's ability to limit subject matter jurisdiction by statute. The court held that " 'subject matter jurisdiction' refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs." Belleville Toyota, 199 Ill. 2d at 334. Our supreme court held that, other than administrative review, "a circuit court's subject matter jurisdiction is conferred entirely by our state constitution," and its subject matter jurisdiction "extends to all 'justiciable matters.' " Belleville Toyota, 199 Ill. 2d at 334. Our supreme court defined "justiciable matter" as "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." Belleville Toyota, 199 Ill. 2d at 335.

Thus, the question arises as to the effect of section 2--1203 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1203 (West 2004)) on the trial court's jurisdiction over the cause after the expiration of the 30-day time period. Is it in the nature of a limitations period? Or is it something else entirely?

One reasonable position is that it is a time limit, which may be the subject of an objection if it is not observed, but does not by itself divest the circuit court of jurisdiction. See DHR International, Inc. v. Winston & Strawn, 347 Ill. App. 3d 642, 649 (2004) (while Uniform Arbitration Act (710 ILCS 5/1 et seq. (West 2004)) created new justiciable matter, a failure to comply with a jurisdictional limit in the Uniform Arbitration Act may be the subject of an objection but does not by itself divest the trial court of subject matter jurisdiction). In other words, if the trial court ruled (erroneously) on the motion after the 30-day time limit of section 2--1203 of the Code had elapsed, the order would be voidable, not void. The circuit court would have jurisdiction over the matter beyond the 30-day limit of section 2--1203 of the Code, but it would be error, pursuant to section 2--1203 of the Code, to enter an order. The situation is muddied, because the expiration of the 30-day period has immemorially been termed "jurisdictional," even after Belleville Toyota.

On the other hand, the trial court's statement that it lost jurisdiction is also reasonable. Once the final order was entered, arguably there was no longer "a controversy appropriate for review by the [trial] court, *** touching upon the legal relations of parties having adverse legal interests." Belleville Toyota, 199 Ill. 2d at 335. That had all been resolved by the final order. Under such a view, the 30-day limit of section 2--1203 of the Code is in fact jurisdictional, because after its expiration, the trial court cannot affect its judgment and loses all contact with the matter before it. In other words, the matter is no longer a justiciable matter over which the trial court would otherwise

have jurisdiction. Thus, with the passing of the 30-day period, the trial court's jurisdiction also lapses. Of course, if a losing party were to forgo filing a motion to reconsider and instead simply file a new action raising exactly the same issues, we would not say that the trial court lacked jurisdiction to rule that the matter was res judicata.

I write separately because there appear to be two reasonable ways of looking at the issue. If we were to adopt the first view, then the trial court did not lose its subject matter jurisdiction over the cause, but it would have been error under section 2--1203 of the Code to grant respondent's motion for an extension. Under the second view, the trial court did in fact lose jurisdiction. The difference in the two positions is significant. In the first view, the issue is waivable and an erroneous order entered by the trial court is voidable. In the second view, the issue cannot be waived and an order entered by the trial court on the motion would be void and subject to attack at any time, even years hence. Whether the trial court lost subject matter jurisdiction or not, its decision was in accord with the Code. Hence, I concur.