No. 2-09-0034  Filed: 2-16-10  Corrected: 4-21-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BLOCK 418, LLC, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 07--LM--2205 |
| | ) | |
| UNI-TEL COMMUNICATIONS | ) | |
| GROUP, INC., | ) | Honorable |
| | ) | Kenneth L. Popejoy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

In June 2007, plaintiff, Block 418, LLC, filed a complaint pursuant to the Forcible Entry and Detainer Act (the Act) (735 ILCS 5/9--101 et seq. (West 2006)) against defendant, Uni-Tel Communications Group, Inc. On November 7, 2007, the trial court entered an agreed order, which stated that, inter alia, "[t]his Agreed Order is a final order resolving all matters arising under this lawsuit, but this Court retains jurisdiction to enforce the terms of this Agreed Order." Subsequently, when defendant defaulted on its rent obligation, plaintiff sought to amend its complaint. Defendant objected, claiming that it had complied with the November 7, 2007, agreed order, and thus, the trial court had lost jurisdiction for future claims. The trial court determined that jurisdiction was proper, and it later found in favor of plaintiff and awarded damages to plaintiff of $45,328.49, the amount of rent due from October, November, and the 12 days in December 2008 during which defendant

occupied the premises. Defendant timely appeals, challenging the trial court's jurisdictional authority, and alternatively, the award of damages. We affirm.

In its June 2007 complaint, plaintiff sought possession of 55 South Main Street, Suite 304, in Naperville, $10,472.20 for rent owed, and costs of the suit plus attorney fees and additional rent incurred through the date of judgment.

On November 7, 2007, the trial court entered an agreed order, indicating that the parties had reached a settlement. The agreed order provided, inter alia, that (1) defendant agreed to pay base rent for October 2006, common area maintenance contributions, real estate taxes, and attorney fees; (2) defendant agreed to pay November 2007 rent and other additional rent charges; (3) defendant would receive discounts on rent payments if rent was paid on or before the due date; (4) defendant agreed to certain penalties for late payments; and (5) the trial court "retain[ed] jurisdiction to enforce the terms of this Agreed Order." The agreed order also provided that "[a]ll payments pursuant to this Agreed Order and all subsequent rent payments owed under the Parties' Lease" must be made by defendant and directed the method by which those subsequent rent payments would be made.

In March 2008, defendant did not pay rent to plaintiff, and on March 25, 2008, plaintiff filed a "Motion to Enforce Agreed Order of November 7, 2007," seeking (1) an order of possession for the property; and (2) a judgment of $20,580.12 plus costs and attorney fees. On April 16, 2008, the parties reached another agreed order, and at that time, defendant agreed to pay the past-due rent and attorney fees incurred by plaintiff. Paragraph 4 of the April 16, 2008, agreed order provided:

"4. This court continues to retain jurisdiction to enforce the terms of the Agreed Order entered on November 7, 2007."

In August 2008, defendant did not pay rent to plaintiff, and on September 22, 2008, plaintiff filed another "Motion to Enforce Agreed Order of November 7, 2007," seeking (1) an order of possession; and (2) a judgment for August and September's rent of $35,075.35 plus attorney fees. The trial court allowed defendant to respond to plaintiff's motion. The record reflects that defendant later paid the August and September rent.

On November 7, 2008, plaintiff filed an amended motion to enforce the November 7, 2007, agreed order, alleging as follows:

"When [defendant] failed to pay the rent when due for the months of August and September of 2008, Plaintiff filed its Motion to Enforce Agreed Order on September 22, 2008. Although Plaintiff has not received [defendant's] rent payments for the months of August and September of 2008, [defendant] has again breached its obligation under the Agreed Order by failing to pay the rent when due for the months of October and November."

On November 19, 2008, defendant filed its response, asserting that the trial court lacked jurisdiction to enforce the November 7, 2007, agreed order.

On November 21, 2008, the trial court conducted a hearing and found that it had jurisdiction under the November 7, 2007, agreed order. The trial court noted that the case required a forcible entry and detainer hearing but did not "require a brand new lawsuit. I think you've got a lawsuit here." The trial court scheduled the trial on plaintiff's claim for possession and damages for December 15, 2008. On December 8, 2008, defendant filed a response and counterclaim against plaintiff.

On December 15, 2008, prior to trial, defendant advised the trial court that it had returned possession of the premises to plaintiff on December 12, 2008, and withdrew its counterclaim. The following exchange took place between the trial court and defendant's attorney:

"THE COURT: What defense do you have to failing to pay rent up to the date that you tendered possession?

MR. ROTH [defense counsel]: We are not claiming a defense to that, your Honor.

* * *

We are not disputing the right to possess the space. We are giving possession back to them."

In its findings, the trial court noted that defendant had "already stated on the record that [it had] no defense to the payment of rent for the timeframes that they are in possession." Thereafter, the trial court entered judgment in favor of plaintiff and against defendant for rent on a per diem basis through December 12, 2008, the date defendant vacated the premises. The trial court continued, "[t]here is absolutely no basis to deny a motion and an entry of an award of damages for the timeframe that your client did possess the property pursuant to the terms of the lease and the Agreed Order and the like up through the date of December 12, but only that far, no further in any manner whatsoever." The trial court's order reflected a judgment in favor of plaintiff and against defendant for $45,328.49, the amount of rent due from October, November, and the 12 days in December during which defendant occupied the premises.

Defendant timely appeals.

The first issue raised in this appeal is whether the November 7, 2007, agreed order provided the trial court with jurisdiction over the October and November 2008 rent and possession so as to

allow plaintiff to bypass compliance with the Act. This court reviews de novo the issue of a trial court's subject matter jurisdiction. Millenium Park Joint Venture, LLC v. Houlihan, 393 Ill. App. 3d 13, 20 (2009), citing In re Estate of Ahern, 359 Ill. App. 3d 805, 809 (2005).

Reviewing courts have held that a trial court retains authority to enforce its own orders (County of Cook v. Illinois Fraternal Order of Police Labor Council, 358 Ill. App. 3d 667, 671 (2005)), and where an order contemplates future conduct, it may be inferred that the court retained jurisdiction to enforce it. Director of Insurance v. A&A Midwest Rebuilders, Inc., 383 Ill. App. 3d 721, 723 (2008). In determining whether a trial court has retained jurisdiction, it is "necessary to 'examine the scope of the [trial court's] order.' " Director of Insurance, 383 Ill. App. 3d at 724, quoting Brigando v. Republic Steel Corp., 180 Ill. App. 3d 1016, 1020 (1989).

In the present case, the trial court's November 7, 2007, agreed order stated that, inter alia, "[t]his Agreed Order is a final order resolving all matters arising under this lawsuit, but this Court retains jurisdiction to enforce the terms of this Agreed Order." The agreed order also spoke to "all subsequent rent payments owed under the Parties' Lease" and directed the method by which those subsequent rent payments would be made. Thus, the November 7, 2007, agreed order clearly contemplated future conduct, and we conclude that the trial court retained jurisdiction to enforce its order.

Moreover, although defendant argues in its reply brief that the April 16, 2008, agreed order was not an enforcement of the subject lease, because it simply evidenced defendant's agreement to pay $2,414 for attorney fees as part of a settlement of the subject lease regarding payment of the October and November 2008 rent and possession, the order states otherwise. The trial court's April 16, 2008, agreed order expressly stated that the court "continues to retain jurisdiction to enforce the

terms of the agreed order entered on November 7, 2007." The substance of the April 16, 2008, agreed order further supports our interpretation that the trial court's November 7, 2007, order contemplated future conduct and our conclusion that the trial court retained jurisdiction to enforce its order.

Defendant next contends that the trial court failed to abide by the Act (735 ILCS 5/9--101 et seq. (West 2006)). We find this issue forfeited. In this undeveloped contention, defendant presents two sentences for its argument, the gist being that the trial court ignored the requirements of the Act. Supreme Court Rule 341(h)(7) requires citation to the pages of the record where the trial court failed to follow the specific provisions of the Act, as well as argument in support of the issue. See 210 Ill. 2d R. 341(h)(7). A party's failure to comply with our supreme court rules is grounds for disregarding the argument on appeal. Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co., 356 Ill. App. 3d 471, 478 (2005), citing Jeffrey M. Goldberg & Associates, Ltd. v. Collins Tuttle & Co., 264 Ill. App. 3d 878, 886 (1994). Here, defendant fails to explain which provision or provisions of the Act the trial court ignored or failed to follow, and it presents no relevant authority other than a rule of law stating that "courts must strictly comply with the procedure outlined in the Act." Because of defendant's deficiencies in developing its contention, we find defendant's issue forfeited.

The third issue raised in this appeal is whether the trial court erred in its interpretation of the lease. Without citation to authority, defendant argues that the section of the lease pertaining to damages does not provide that past-due rent amounts can be the subject of a judgment for rent separate and apart from the damages calculated. Defendant also argues that the offsets under the lease take into consideration actual rent amounts paid and those outstanding without regard to

whether defendant is in possession. Alternatively, defendant argues that plaintiff had a statutory duty to mitigate damages, under section 9--213.1 of the Act. See 735 ILCS 5/9--213.1 (West 2006) (providing that "a landlord or his or her agent shall take reasonable measures to mitigate the damages recoverable against a defaulting lessee").

Plaintiff counters that defendant does not dispute that $45,328.49 is an accurate accounting of rent due through December 12, 2008. Plaintiff also counters that it had no statutory duty to mitigate damages, because a landlord's duty to mitigate is triggered after the tenant abandons the premises. See St. George Chicago, Inc. v. George J. Murges & Associates Ltd., 296 Ill. App. 3d 285, 290-91 (1998). Therefore, plaintiff had no means of mitigating damages until December 12, 2008.

"The interpretation of a lease presents a question of law that a reviewing court is to determine independent of the trial court's judgment." Nutrasweet Co. v. American National Bank & Trust Co. of Chicago, 262 Ill. App. 3d 688, 694 (1994). With respect to a trier of fact's determination of damages, a reviewing court should not disturb the trier of fact's determination unless it was contrary to the manifest weight of the evidence. MXL Industries, Inc. v. Mulder, 252 Ill. App. 3d 18, 30 (1993).

We agree with plaintiff's position on both counts. Defendant does not dispute that it did not pay rent for October 2008, November 2008, or the first 12 days of December. The record reflects that, at the hearing on December 15, 2008, prior to trial, defendant advised the trial court that it had returned possession of the premises to plaintiff on December 12, 2008. Defense counsel also informed the trial court that it was not claiming any defense to its failure to pay rent up to the date it tendered possession to plaintiff. Thereafter, the trial court calculated an award of damages based on a per diem basis for the 2 months and 12 days defendant occupied the premises. Defendant

presents little argument and no authority, other than the lease provision pertaining to damages, in support of its argument. See 210 Ill. 2d R. 341(h)(7). On our review of the record, we determine that the trial court correctly interpreted the lease agreement and that its calculation and award of damages was not against the manifest weight of the evidence.

Furthermore, we agree with plaintiff's position that it had no duty to mitigate damages until after defendant abandoned the premises. See St. George Chicago, Inc., 296 Ill. App. 3d at 290-91, citing MXL Industries, 252 Ill. App. 3d at 31. Therefore, plaintiff had no duty until December 12, 2008, when defendant returned possession of the premises to plaintiff.

Accordingly, for the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

McLAREN and JORGENSEN, JJ., concur.