NOTICE

Decision filed 02/19/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190273-U

NO. 5-19-0273

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| ANGELA BRYANT MALI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Monroe County. |
| | ) | |
| v. | ) | No. 19-SC-08 |
| | ) | |
| INNOVATIVE MOVEMENT DANCE COMPANY, LLC, | ) | |
| | ) | Honorable |
| | ) | Julia R. Gomric, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:    In a case involving the measure of damages following a tenant's breach of a lease agreement, the circuit court's finding that the landlord made reasonable efforts to mitigate her damages is not against the manifest weight of the evidence. The circuit court erred in ordering the tenant to reimburse the landlord for a portion of a realtor's commission that the landlord incurred in securing the lease with the tenant.

¶ 2    This appeal stems from a tenant's breach of a commercial lease and concerns the proper measure of damages incurred by the landlord caused by the breach. The plaintiff, Angela Bryant Mali, and the defendant, Innovative Movement Dance Company, LLC (Innovative Movement), entered into a lease agreement in which Innovative Movement agreed to lease a building from Mali for $2000 per month for 36 months for the purpose of Innovative Movement operating a dance studio business in the leased building. Mali had previously used the building as a dance studio for

1

25 years. Prior to the end of the term of the lease, Innovative Movement requested Mali to release Innovative Movement from Innovative Movement's obligations under the lease because Innovative Movement's business was failing. Mali then located a new tenant for the building and entered into a new lease agreement with the new tenant. Mali subsequently filed a small claims complaint against Innovative Movement to recover $6200 in damages, which included two elements of damages: (1) lost rent and (2) recovery of a portion of a realtor's commission fee that Mali paid to a realtor in obtaining the lease with Innovative Movement. Following a bench trial, the circuit court entered a judgment in Mali's favor in the full amount of her requested damages: $6200 plus $241 for court costs. Innovative Movement appeals from the circuit court's judgment, arguing that the circuit court erred in determining Mali's damages. For the following reasons, we modify the circuit court's judgment and affirm the judgment as modified.

¶ 3                                      BACKGROUND

¶ 4     The commercial building that is the subject matter of the lease is located in Columbia, Illinois. On August 23, 2017, Mali and Innovative Movement entered into a lease agreement in which Innovative Movement agreed to rent the building for a dance studio for $2000 per month for 36 months. Mali had hired a realtor to obtain a renter for the premises and paid the realtor a commission that was calculated at 7% of all rent Innovative Movement would pay Mali over the term of the 36-month lease. Although the amount of the realtor's commission was based on the revenue Mali was to receive over the term of the lease, the realtor's commission was a one-time payment that Mali paid to the realtor when the lease was signed. Innovative Movement was not a party to Mali's contract with the realtor, and Mali's contract with the realtor was not a part of the lease agreement between Mali and Innovative Movement.

2

¶ 5    On September 9, 2018, Innovative Movement contacted Mali and requested Mali to release Innovative Movement from its obligations under the lease. Innovative Movement explained that it had only 13 dance students and was not earning enough revenue to cover the rent. Mali informed Innovative Movement that Mali would look for a replacement tenant and that Mali would release Innovative Movement from Innovative Movement's obligations under the lease but only if Mali incurred no financial loss.

¶ 6    From September 9, 2018, to November 7, 2018, Mali undertook efforts to re-rent the premises. During this period, the city's zoning commission informed Mali that a change of the type of business in the building from a dance studio to another type of business, such as a restaurant, office space, or retail space, would require Mali to install two handicapped restrooms. Mali subsequently informed Innovative Movement that her effort to find a new tenant was complicated by this restroom requirement.

¶ 7    Mali lived in Florida, and she requested Innovative Movement to assist in re-renting the building. According to Mali, however, Innovative Movement did not provide Mali with help when asked, including refusing Mali's request to take photos of the building that could be posted on social media and refusing Mali's request to put up "for rent" signage on the property. In addition, Mali agreed to work with Innovative Movement's request not to advertise the rental opportunity in a manner that would alert Innovative Movement's customers and employees that it was closing.

¶ 8    On October 31, 2018, Innovative Movement closed its business, vacated the premises, and moved all its equipment out of the building except for a few cleaning supplies. Innovative Movement informed Mali that it closed its business; however, it continued to pay rent through November 2018.

3

¶ 9 On November 7, 2018, Mali entered into a new two-year lease agreement with a new tenant. The new tenant agreed to rent the building for $1800 per month for the first year of the new lease to begin on January 15, 2019. The new tenant agreed to pay $2000 per month rent for the second year of the lease term beginning on January 15, 2020. The new lease began in January 2019, rather than November 2018, because the new tenant was committed to a different lease until January 2019, and the new tenant needed to do an extensive renovation of the building. Because Innovative Movement had vacated the premises and closed its business, Mali allowed the new tenant access to the premises to begin renovations at the end of November 2018.

¶ 10 According to Mali, the building was originally the town's post office, and the new tenant was an online clothing business that would be primarily shipping merchandise from the premises. Therefore, the zoning commission made an exception for this new business, allowing it to operate in the building without the addition of the two handicapped bathrooms.

¶ 11 On November 9, 2018, Mali notified Innovative Movement that she had found a new tenant who would begin paying rent in January 2019. Mali told Innovative Movement that although she had found a new tenant, she was still incurring a financial loss stemming from Innovative Movement's breach of the original lease, including lost rent and a portion of the realtor's commission that had been based on Innovative Movement paying rent for the entire term of the lease.

¶ 12 On January 28, 2019, Mali filed a small claims complaint against Innovative Movement for damages plus costs of suit. Mali's request for damages included: $1000 for half of January 2019 rent; $2400 for the $200 per month difference in rent beginning January 15, 2019, through

4

January 15, 2020; and $2800[1] for that portion of the realtor's commission that was based on 7% of the rent that was to be paid over the 20 remaining months of the original lease term.

¶ 13    On April 24, 2019, the circuit court conducted a bench trial on Mali's small claims complaint. Both parties appeared *pro se* with Christy Fischer appearing on behalf of Innovative Movement.[2] The record does not establish Fischer's relationship with Innovative Movement, except that she signed the lease on behalf of the limited liability company. At the trial, Mali presented the court with a copy of the lease agreement with Innovative Movement and explained its terms. Fischer agreed that the lease agreement that Mali presented to the court was the lease agreement at issue.

¶ 14    With respect to Mali's request for reimbursement of a portion of the realtor's commission, Mali explained that she hired the realtor to obtain the original lease with Innovative Movement and that the realtor charged her a 7% commission for finding the tenant and securing a three-year lease. Mali paid the commission at the beginning of the lease, and the fee was based on Innovative Movement paying rent over the full term of the lease. Mali explained that 20 months of the 36-month lease were not realized; therefore, she asked the court to award her a portion of the realtor's commission that was based on 7% of those months of lost rent ($140 commission per month for the 20 months or $2800 in total).

¶ 15    At the trial, Fischer agreed that she asked Mali to release Innovative Movement from the lease and explained that Mali told Fischer that if a new tenant could take over the lease, Mali would

---

[1]Mali's small claims complaint originally alleged $3267 in damages for the realtor's commission. At the trial, Mali clarified that she made "a mistake in [her] mathematics" and that this amount was $2800. On appeal, no party has disputed that $2800 is the correct amount.

[2]Rule 282(b) allows for a corporation to defend as defendant "through any officer, director, manager, department manager or supervisor of the corporation." Ill. S. Ct. R. 282(b) (eff. Jan. 1, 2018).

release Innovative Movement from its obligations under the lease. Fischer testified that she was contacted by Mali in November 2018, who told Fischer about the new tenant that would move into the premises in January 2019. Fischer told the court that someone removed Innovative Movement from the utilities for the building and put the utilities in another business's name prior to January 2019. Fischer also told the court that she paid the November 2018 rent and utilities for the building, and when she went by the building on December 7, 2018, the new tenant had "already redone the whole space" and was in the building with phone lines, internet, and an assistant at a desk at a computer. Fischer stated that Innovative Movement had not paid any rent after November 2018. Fischer felt that Mali keeping Innovative Movement's $2000 security deposit for the December rent was more than fair reimbursement to Mali for Innovative Movement's abandonment of the lease.

¶ 16 At the conclusion of the trial, the circuit court entered a judgment awarding Mali $6441 in damages and costs, which included $1000 for the first half of rent for January 2019; $2400 for the difference in the first year of rent with the new tenant; $2800 for the realtor commissions; and $241 for court costs. Innovative Movement filed a motion to reconsider which the circuit court denied. Innovative Movement now appeals the circuit court's judgment.

¶ 17 ANALYSIS

¶ 18 Innovative Movement argues that the circuit court erred in awarding Mali damages because Mali failed to prove that she properly mitigated her damages. We disagree.

¶ 19 In Illinois, by statute, a landlord must undertake reasonable efforts to re-let leased premises following a defaulting tenant's departure from the premises. 735 ILCS 5/9-213.1 (West 2018). The purpose of this statutory provision is to require a landlord to undertake reasonable efforts to re-rent the premises after a defaulting tenant departs, rather than allowing the premises to stand vacant

6

and then attempting to collect the lost rent in the form of damages. *MXL Industries, Inc. v. Mulder*, 252 Ill. App. 3d 18, 31 (1993).

¶ 20    At trial, the landlord has the burden of establishing mitigation of damages because she occupies the best position to prove compliance with her duty to mitigate damages. *Snyder v. Ambrose*, 266 Ill. App. 3d 163, 166 (1994). "The question of whether a landlord has met its statutory duty to mitigate its damages is, generally speaking, a question of fact." *Danada Square, LLC v. KFC National Management Co.*, 392 Ill. App. 3d 598, 607 (2009). Because the issue is a question of fact, we will not reverse a trial court's findings with respect to mitigation of damages unless they are against the manifest weight of the evidence. *Id.* at 608. Also, we note that an award of damages made after a bench trial is reviewed under the manifest weight of the evidence standard. *1472 N. Milwaukee, Ltd. v. Feinerman*, 2013 IL App (1st) 121191, ¶ 13. Here, the circuit court's finding that Mali mitigated her damages is not against the manifest weight of the evidence.

¶ 21    Innovative Movement's agent, Fischer, contacted Mali in September 2018 and asked that Innovative Movement be released from its obligations under the lease agreement. In addition, Fischer told the court that, although Innovative Movement paid November rent, it removed its equipment from the building and discontinued operating as a business on October 31, 2018.

¶ 22    After Innovative Movement vacated the premises, Mali underwent efforts to re-rent the property. A landlord's duty to mitigate is triggered after the tenant abandons the premises. *Block 418, LLC v. Uni-Tel Communications Group, Inc.*, 398 Ill. App. 3d 586, 591 (2010). Mali explained to the court the difficulties she incurred in re-renting the building, including that she lived in Florida, that she could not get Innovative Movement to assist, and that she had to install two handicapped bathrooms if the nature of the business occupying the building changed from a dance studio to another type of business. Despite these difficulties, Mali was able to obtain a new

7

tenant who began renting the premises on January 15, 2019, at $1800 per month for the first year of the new lease and $2000 per month for the second year.

¶ 23    The circuit court found that Mali's efforts to obtain a new tenant were reasonable. Based on the evidence presented at the bench trial, we cannot conclude that this finding was against the manifest weight of evidence. *MXL Industries, Inc.*, 252 Ill. App. 3d at 31-32 ("It is not the duty of this court to invade the province of the trier of fact and substitute our judgment for that of the trier, where the trier's determination is otherwise supported by sufficient evidence in the record. We find ample support for the trial court's conclusion that defendant took reasonable measures to mitigate his damages.").

¶ 24    Innovative Movement remained liable to Mali for the full amount of the rent under the lease agreement until Mali found a new renter. The new renter began paying rent on January 15, 2019. At that point, Innovative Movement was relieved of its obligation to continue to pay rent for the building, but remained liable to Mali for damages she incurred in the amount of one-half of the January 2019 rent and $200 per month for the first year of the new lease. The circuit court, therefore, properly awarded Mali damages stemming from Innovative Movement's breach of the lease agreement based on the difference between the rent due under the original lease and the rent Mali collected from the new tenant. See *Wanderer v. Plainfield Carton Corp.*, 40 Ill. App. 3d 552, 559 (1976) ("[W]hen a defendant, as tenant, abandons the premises, he is fully responsible for all rent accruing until such time as a new tenant is found. If the rent received from the new tenant was not enough to cover the rent which would have been received from the old tenant, once reletting costs are deducted from the receipts, the tenant would be liable for the difference between the amount of rent which would have been gotten from the old tenant after crediting the new rents as

8

against the obligations of the tenant on the lease together with other costs in obtaining and maintaining the tenancy.").

¶ 25    Innovative Movement argues that its surrender of the leased premises to the landlord and the occupancy of the premises by a new tenant terminated its obligation to pay any future rent. We disagree. Section 10 of the lease agreement provided that if the premises were vacated, Mali had the authorization to reenter the premises, re-rent the premises, and apply the new rent toward any rent accruing under the lease agreement. Accordingly, under the terms of the parties' agreement, Innovative Movement was not relieved of its rent obligation by vacating the premises or Mali re-renting the property to a new tenant. Mali told Fischer that she would work with Innovative Movement in releasing it from the lease agreement but only if Mali did not incur any financial loss.

¶ 26    In its reply brief, Innovative Movement also takes issue with the judgment amount for lost rent based on the full remainder of the lease term. Innovative Movement notes that the lease agreement does not contain a rent acceleration clause and, at the time of the trial, the only rent that had become due under the lease agreement and that Innovative Movement had not paid was rent for January through April 2019. Therefore, Innovative Movement argues the circuit court erred in awarding Mali a judgment for rent that would not become due until after the time of the trial.

¶ 27    We agree with Innovative Movement that the parties' lease agreement does not contain a rent acceleration clause. In addition, in Illinois, without a rent acceleration clause in a lease agreement, recovery for breach of a lease is limited to amounts due at the time of trial. *People ex rel. Nelson v. West Town State Bank*, 373 Ill. 106 (1940); *Miner v. Fashion Enterprises, Inc.*, 342 Ill. App. 3d 405, 416-17 (2003) ("The failure to pay rent when it accrues does not accelerate the unpaid rent in the absence of a provision in the lease to that effect."). In the present case,

however, Innovative Movement did not raise this issue until it filed its reply brief in this appeal. Accordingly, the issue is forfeited. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 28    Regardless of forfeiture, we note that even if we were to address this issue on its merits and ruled in favor of Innovative Movement, this determination would not be an ultimate defense to Innovative Movement's liability for this lost rent. Mali would have been entitled to recover the damages in supplemental proceedings. A lessor has the options of suing for rent installments as they come due, suing for several accrued installments, or suing for the entire amount at the end of the lease term. *Dorris v. Center*, 284 Ill. App. 344, 349 (1936). Therefore, we conclude that the award of the circuit court was appropriate.

¶ 29    Innovative Movement also argues that the circuit court erred in awarding Mali $2800 for the realtor commissions that she incurred in negotiating the lease with Innovative Movement. We agree with this contention.

¶ 30    The testimony at the bench trial established that Mali did not incur the realtor's commission as a result of Innovative Movement's breach of the lease. Instead, the commission was an expense Mali incurred in obtaining the lease with Innovative Movement. Mali hired a realtor to obtain a tenant for the premises which resulted in the lease agreement between Mali and Innovative Movement. According to Mali's testimony at the trial, the amount of the realtor's commission for brokering the lease agreement was calculated at 7% of the total amount of rent to be collected over the term of the lease. Although the amount of the commission was based on the monthly rent, the commission was a one-time fee that Mali paid to the realtor upon the execution of the lease. At the trial, Mali maintained that since Innovative Movement did not make 20 months of rent payments

10

under the 36-month lease, it owed Mali $140 in realtor commissions for each of those months. The circuit court agreed and awarded Mali $2800 in damages as reimbursement for that portion of the realtor's commission Mali had paid the realtor.

¶ 31    We agree with Innovative Movement that the circuit court erred in awarding Mali any portion of the realtor's commission as part of the damages stemming from the breach of the lease. Illinois Supreme Court Rule 282(a) (eff. Jan. 1, 2018) provides that if a claim in a small claims complaint "is based upon a written instrument, a copy thereof or of so much of it as is relevant must be copied in or attached to the original and all copies of the complaint, unless the plaintiff attaches to the complaint an affidavit stating facts showing that the instrument is unavailable to him." Mali's small claims complaint did not include a copy of the agreement she had with the realtor concerning the realtor's commission. In addition, the agreement was not presented to the circuit court at the bench trial.

¶ 32    Furthermore, the realtor's commission was an expense Mali incurred in renting her premises. Nothing in the record established that Innovative Movement agreed to be responsible for any portion of the realtor's commission as part of the lease agreement or that Innovative Movement's rent obligation under the lease was for a portion of the realtor's commission. Although the amount of the realtor's commission was based on rent Mali expected to receive under the lease, nothing within the lease agreement refers to the realtor's commission as being part of Innovative Movement's agreement with Mali, and nothing in the record establishes that Innovative Movement was otherwise a party to the agreement between Mali and the realtor. Mali did not incur the realtor's commission as a result of Innovative Movement's breach of the lease agreement. Accordingly, there was no legal basis upon which to award Mali any portion of the realtor's

11

commission in the judgment against Innovative Movement. Accordingly, we reverse that portion of the circuit court's judgment that awards Mali $2800 for a portion of the realtor's commission.

¶ 33                                    CONCLUSION

¶ 34    For the foregoing reasons, we affirm that portion of the circuit court's judgment that awarded Mali $3400 in damages for lost rent and that portion of the judgment that awarded Mali $241 for court costs. We reverse that portion of the circuit court's judgment that awarded Mali $2800 in damages for the recovery of a portion of the realtor's commission. The circuit court's judgment in favor of Mali and against Innovative Movement is hereby modified to $3400 plus $241 costs of suit.

¶ 35    Affirmed as modified.