# Illinois Official Reports

## Appellate Court

---

### *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368

---

| | |
|---|---|
| Appellate Court Caption | ROBERT PERAINO, Plaintiff-Appellant, v. THE COUNTY OF WINNEBAGO; THE WINNEBAGO COUNTY HIGHWAY DEPARTMENT; JOSEPH A. VANDERWERFF, the Winnebago County Engineer; THE ROCKFORD TOWNSHIP HIGHWAY DEPARTMENT; DANIEL P. CONNESS, the Rockford Township Highway Commissioner; THE VILLAGE OF CHERRY VALLEY; THE VILLAGE OF CHERRY VALLEY PUBLIC WORKS DEPARTMENT; and CHUCK FREEMAN, the Village of Cherry Valley Public Works Director, Defendants (The County of Winnebago, Defendant-Appellee). |
| District & No. | Second District <br> Docket No. 2-17-0368 |
| Filed <br> Rehearing denied | March 30, 2018 <br> April 30, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 13-L-169; the Hon. J. Edward Prochaska, Judge, presiding. |
| Judgment | Order vacated; motion dismissed. |
| Counsel on Appeal | W. Randal Baudin, of Crystal Lake, for appellant. <br><br> Joseph P. Bruscato, State's Attorney, of Rockford (John P. Giliberti, Assistant State's Attorney, of counsel), for appellee. |

| Panel | JUSTICE SPENCE delivered the judgment of the court, with opinion. Justices Jorgensen and Schostok concurred in the judgment and opinion. |
|---|---|

## OPINION

¶ 1     Plaintiff, Robert Peraino, attempted to electronically file a motion to reconsider shortly before midnight on the day it was due, but he failed to timely upload the motion, and it was file-stamped at 12:03 a.m. the next day. Plaintiff then sought to have the motion to reconsider deemed filed on the due date based on a local court rule, but the trial court denied his request. Plaintiff appeals from this ruling. However, we conclude that the trial court lacked jurisdiction to make such a ruling and that we also lack jurisdiction to consider the merits of this appeal. We therefore vacate the trial court's ruling and dismiss plaintiff's motion seeking to backdate the motion to reconsider. See *People v. Bailey*, 2014 IL 115459, ¶¶ 28-29.

¶ 2                                   I. BACKGROUND

¶ 3     On June 12, 2013, plaintiff filed a complaint against defendant, the County of Winnebago (County), and others who were later voluntarily dismissed. He alleged that he was injured in a motorcycle crash caused by a defective roadway.

¶ 4     The County moved for summary judgment, and the trial court granted the motion on December 2, 2016. A motion to reconsider would have been due on January 3, 2017, because the thirtieth day after the order was a Sunday and the following day was a court holiday. See 735 ILCS 5/2-1203(a) (West 2016); 5 ILCS 70/1.11 (West 2016).

¶ 5     Plaintiff electronically filed a motion to reconsider that was file-stamped on January 4, 2017.

¶ 6     On January 5, 2017, plaintiff filed a motion for leave to file his motion to reconsider *nunc pro tunc* to January 3, 2017. He alleged that, due to an illness and deadlines for other cases, his attorney was not able to complete the motion to reconsider until 11:55 p.m. on January 3, 2017. He alleged that, during the e-filing process, the I2File website would not upload the motion, and the motion was not considered accepted or filed by the system until 12:03 a.m. on January 4, 2017. Plaintiff cited local court rule 22.01, and specifically rule 22.01(N), titled "SYSTEM OR USER ERRORS," which provides, *inter alia*, that "[i]f the electronic filing is not filed with the Clerk because of *** technical problems experienced by the filer, *** the Court may upon good cause shown enter an order permitting the document to be subsequently filed effective as of the date filing was first attempted." 17th Judicial Cir. Ct. R. 22.01(N) (July 25, 2016). Plaintiff also cited Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011). Plaintiff attached to the motion the affidavit of a paralegal at his attorney's office, who described her attempt to upload the motion beginning at about 11:58 p.m.

¶ 7     The County filed a response in opposition, arguing against the merits of plaintiff's motion for leave.

¶ 8     The trial court denied plaintiff's motion on April 20, 2017. It stated as follows. The motion to reconsider did not get filed before 12 a.m. on January 4, 2017, due to user error by plaintiff through his attorney. The attorney's assistant might have had some difficulty understanding

what she needed to do in terms of uploading documents, but there were no technical defects in the software or electronic filing system. Local court rule 22.01(N)(2) did not define "technical problems." However, the local rules about e-filing were modeled on the Supreme Court of Illinois Electronic Filing User Manual (Manual) (see Ill. S. Ct., M.R. 18368 (eff. Feb. 3, 2014)). The Manual included the term "technical failure," which excluded a failure of the user's equipment. The trial court did not think that "technical problems" included a user problem because that definition would be overly broad and would open up a Pandora's box of similar motions. "[U]nder the facts of this case, there [was] no reason under the Local Rule 22.01 to allow the document to be ordered filed earlier." Rule 183 also did not apply, as it pertained to deadlines set by the supreme court rather than statutory deadlines for filing motions.

¶ 9   This appeal followed.

¶ 10                                  II. ANALYSIS

¶ 11   On appeal, plaintiff argues that the trial court erred in denying his motion for leave to file his motion to reconsider *nunc pro tunc* to January 3, 2017. However, we do not consider the substance of the trial court's ruling, as we determine that we lack jurisdiction over this appeal.

¶ 12   Although the parties have not raised the issue of jurisdiction, we have an obligation to independently consider our jurisdiction and dismiss the appeal if jurisdiction is lacking. *American Federation of State, County, & Municipal Employees, Council 31 v. Illinois Labor Relations Board, State Panel*, 2017 IL App (5th) 160046, ¶ 17. It is a jurisdictional and mandatory requirement that a notice of appeal be timely filed (*Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009)), and neither the trial court nor the appellate court has the authority to excuse compliance with the filing requirements set forth by supreme court rules (*Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20).

¶ 13   Illinois Supreme Court Rule 303(a)(1) (eff. Jan. 1, 2015) requires that a notice of appeal be filed within 30 days after the entry of the final judgment appealed from or, "if a timely posttrial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment." Section 2-1203(a) of the Code of Civil Procedure (735 ILCS 5/2-1203(a) (West 2016)) sets forth the deadline for filing posttrial motions in nonjury cases:

> "In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief."

Absent a timely-filed posttrial motion, the trial court will lose jurisdiction over the case 30 days after it enters the final judgment. *In re Marriage of Heinrich*, 2014 IL App (2d) 121333, ¶ 35.

¶ 14   Here, plaintiff did not file a notice of appeal within 30 days after the entry of the final judgment (the grant of summary judgment for the County). Instead, he filed a motion to reconsider, which was a "posttrial motion directed against the judgment," but that motion needed to be filed within 30 days in order to extend the time for filing a notice of appeal (Ill. S. Ct. R. 303(a)(1) (eff. Jan. 1, 2015)) and to extend the trial court's jurisdiction of the case (*In re*

*Marriage of Heinrich*, 2014 IL App (2d) 121333, ¶ 35). However, plaintiff filed his motion to reconsider on January 4, 2017,[1] which was beyond the 30-day deadline.

¶ 15    Plaintiff's January 5, 2017, motion was an attempt to have his motion to reconsider deemed filed on January 3, 2017. However, as 30 days had already passed since the trial court's final judgment without a timely posttrial motion, the trial court's jurisdiction lapsed. As such, per *Bailey*, 2014 IL 115459, ¶¶ 28-29, the trial court's ruling on the motion is void, and we must vacate the ruling and dismiss the motion. Correspondingly, because plaintiff failed to file a notice of appeal within 30 days after the entry of the trial court's final judgment, we lack jurisdiction to consider the merits of the case. Ill. S. Ct. R. 303(a)(1) (eff. Jan. 1, 2015); see *Bailey*, 2014 IL 115459, ¶¶ 28-29.

¶ 16    Plaintiff labeled his January 5, 2017, motion as a *nunc pro tunc* request. A trial court loses jurisdiction to review the substance of its final judgment after 30 days, but if there is proper evidence of a clerical error, the court may use a *nunc pro tunc* order at any time to correct the mistake. *Jayko v. Fraczek*, 2012 IL App (1st) 103665, ¶ 29. Stated differently, *nunc pro tunc* orders incorporate into the record judicial actions taken by the court that were inadvertently omitted due to a clerical error. *People v. Melchor*, 226 Ill. 2d 24, 32 (2007). However, such a correction must be based on a note, memorandum, or paper remaining in the court record, and it cannot rest on a recollection of an individual or on a new affidavit or testimony. *Jayko*, 2012 IL App (1st) 103665, ¶ 29. Here, plaintiff did not seek to correct a clerical error in the trial court's judgment, and the evidence he sought to rely on surrounding the filing date of his motion to reconsider came from outside of the established court record. Accordingly, plaintiff's January 5, 2017, motion could not be resolved on a *nunc pro tunc* basis.

¶ 17    In conjunction with his arguments on appeal, plaintiff cites the Illinois Supreme Court's Electronic Filing Standards and Principles (Filing Standards). Illinois Supreme Court, Electronic Filing Standards and Principles (amended Sept. 16, 2014), http://www.illinoiscourts.gov/SupremeCourt/Policies/Pdf/Electronic_Filing_Standards.pdf. Local court rule 22.01(A) also references the Filing Standards, in that the rule states that "[e]lectronic filing shall operate pursuant to the *Electronic Filing Standards and Principles* set out in the Supreme Court Order [M.R. 18368 (eff. Jan. 1, 2013)]." (Emphasis in original.) 17th Judicial Cir. Ct. R. 22.01(A) (July 25, 2016). Illinois Supreme Court order M.R. 18368 authorized Illinois circuit courts to accept the electronic filing of documents in civil cases. See *id.*; Ill. S. Ct., M.R. 18368 (eff. Jan. 1, 2013). The order further approved the Filing Standards "to maintain uniformity of electronic filing practices and procedures" throughout the state. Ill. S. Ct., M.R. 18368 (eff. Jan. 1, 2013). In 2016, the supreme court mandated e-filing in civil cases in Illinois circuit courts beginning January 1, 2018. Ill. S. Ct., M.R. 18368 (eff. Jan. 1, 2018) (filed Jan. 22, 2016). The supreme court additionally stated that "[i]n all Circuit Courts operating an approved local e-filing program by the filing date of this Order, e-filing of civil cases shall occur per the applicable policies, guidelines and/or standards authorized by the Supreme Court" *Id.*

---

[1]Local rule 22.01(K)(3) states: "The transmission date and time of transfer shall govern the electronic file mark. Pleadings received by the clerk before midnight on a day the courthouse is open shall be deemed filed that day." 17th Judicial Cir. Ct. R. 22.01(K)(3) (July 25, 2016). Here, it is undisputed that plaintiff uploaded his motion to reconsider into the court's electronic filing system after midnight, so it was file-stamped January 4, 2017.

- 4 -

¶ 18        Plaintiff highlights section 10 of the Filing Standards, which is titled "Failure of Electronic Filing Process." It states, as relevant here:

> "If a document submitted electronically is not filed or is rejected, the court may, upon good cause shown, enter an order permitting the document *to be filed effective as of the date of the attempted first filing*." (Emphasis added.) Illinois Supreme Court, Electronic Filing Standards and Principles § 10(b) (amend. Sept. 16, 2014), http://www.illinoiscourts.gov/SupremeCourt/Policies/Pdf/Electronic_Filing_ Standards.pdf.

Illinois Supreme Court Rule 9(d)(1) (eff. Dec. 13, 2017), although not in effect when plaintiff filed his motion to reconsider, also merits consideration. The rule applies to electronic filings and states: "If a document is untimely due to any court-approved electronic filing system technical failure, the filing party may seek appropriate relief from the court, upon good cause shown." *Id.*

¶ 19        We recognize that section 10 and Rule 9(d)(1) do not explicitly limit the time in which the court may enter an order backdating a document. Read in isolation, they would appear to allow consideration of plaintiff's January 5, 2017, motion. However, we cannot read those general provisions to apply here over the specific jurisdictional deadlines in section 2-1203(a) and Rule 303(a)(1). See *In re Marriage of Adler*, 271 Ill. App. 3d 469, 476 (1995) (specific provision applies over general). In any event, supreme court rules that give a court authority to take specific actions presuppose that the court has jurisdiction of the case.

¶ 20        For example, Rule 183, which plaintiff also cites, states:

> "The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." Ill. S. Ct. R. 183 (eff. Feb. 16, 2011).

Like section 10 and Rule 9(d)(1), Rule 183 suggests that the trial court may grant an extension at any time. Yet, in *In re Marriage of Singel*, 373 Ill. App. 3d 554 (2007), we did not apply it to facts similar to those here. In *Singel*, the respondent failed to file a motion directed against the judgment within the 30-day time limit of section 2-1203(a). Instead he filed, on the thirtieth day, a motion for an extension of time to file such a motion. The trial court thereafter ruled that, because the respondent had not filed such a motion during the 30-day period, it had lost jurisdiction. On appeal, the respondent argued that Rule 183 allowed the trial court to grant an extension of time to file the motion, even after the 30-day deadline. *Id.* at 556. We disagreed. We observed that "[b]y its plain terms, the rule applies only to the time limits for pleadings and to time limits that have been set by the supreme court rules," and not to the deadline in section 2-1203(a). *Id.* at 556-57. However, we also held that, even if Rule 183 applied to that deadline, the trial court could have extended it only within the 30 days. *Id.* at 556 (citing 735 ILCS 5/2-1203(a) (West 2004)).[2] Because the respondent did not file a motion directed against the judgment (or obtain an extension to do so) within the 30 days, the trial court lost jurisdiction, and we lacked jurisdiction of the respondent's appeal. *Id.* at 556-57.

_____

[2]Indeed, if Rule 183 applied to jurisdictional deadlines as its unlimited language seems to suggest, it would allow a trial court to extend the time for filing a notice of appeal after the deadline set by Rule 303(a)(1). Yet, as noted above, the trial court has no power to do so.

¶ 21    Here, plaintiff likewise failed to file a motion to reconsider (or obtain an extension to do so) within 30 days as section 2-1203(a) mandates. Although section 10 and Rule 9(d)(1), like Rule 183, purport to allow the trial court to backdate at any time, the lapse of the 30 days divested the court of jurisdiction to do so.

¶ 22    Rule 9(d)(1) also cannot apply in a situation such as this one[3] because it pertains to an "electronic filing system technical failure." Ill. S. Ct. R. 9(d)(1) (eff. Dec. 13, 2017). Although Rule 9 does not define "technical failure," the Manual defines it as "a malfunction of the e-filing provider's or the Court's hardware, software, and or telecommunications facility which results in the inability of a registered user to submit a document electronically. It does not include the failure of a user's equipment." Ill. S. Ct., M.R. 18368, § 2(h) (eff. Feb. 3, 2014). Here, plaintiff concedes that his January 5, 2017, motion was not predicated upon a technical problem in the e-filing system but rather "user error" and/or other "technical problems experienced by the filer." See 17th Judicial Cir. Ct. R. 22.01(N)(2) (July 25, 2016).

¶ 23    We recognize that the County did not assert that the trial court lacked jurisdiction of plaintiff's January 5, 2017, motion, which leads to the question of whether the revestment doctrine applies. The revestment doctrine causes the trial court to regain jurisdiction of a case even after 30 days have passed following the entry of a final judgment if both parties actively participate, without objection, in proceedings that are inconsistent with the merits of the prior judgment. *People v. Salem*, 2016 IL 118693, ¶ 8. If a party opposes setting aside the prior judgment, jurisdiction will not be revested, even if the party does not raise a timeliness objection. *Bailey*, 2014 IL 115459, ¶¶ 25-26. In this case, the County opposed plaintiff's January 5, 2017, motion. Accordingly, the parties' actions did not revest the trial court with jurisdiction.

¶ 24    We acknowledge that the outcome in this case might appear harsh, as plaintiff has lost both his chance to have the trial court reconsider its grant of summary judgment in favor of the County and his chance to have this court review that ruling. However, plaintiff's attorney had 30 days in which to file a motion to reconsider and could even have obtained an extension during those 30 days. He instead waited until less than two minutes before the deadline to attempt to electronically file the motion and unfortunately was unable to upload the motion within that time. As that deadline was jurisdictional, the trial court lacked authority to consider the untimely motion to reconsider and plaintiff's subsequent request to backdate that motion. Plaintiff's notice of appeal was correspondingly untimely, and we lack jurisdiction to consider the merits of this case.

¶ 25    We do note that, once the 30-day deadline for posttrial motions in the trial court had passed, along with the deadline to file a regular notice of appeal, plaintiff was not entirely without recourse. He still had another 30 days to move this court for leave to file a late notice of appeal under Illinois Supreme Court Rule 303(d) (eff. Jan. 1, 2015), but he did not take advantage of that potential avenue for relief. Still, even now, plaintiff has not completely run out of options as he may request supervisory or other relief from the supreme court.

---

[3]We reiterate that Rule 9 was not in effect during the events at issue here. However, if we had determined that it could apply to a situation such as plaintiff's, we would then consider whether it could be applied retroactively.

## III. CONCLUSION

For the reasons stated, we vacate the April 20, 2017, order of the Winnebago County circuit court and dismiss plaintiff's January 5, 2017, motion.

Order vacated; motion dismissed.