2019 IL App (1st) 181574-U
No. 1-18-1574
October 28, 2019

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| FIBER CORPORATION OF AMERICA CELLMARK, INC., as assignee of Fiber Corporation of America, | ) ) ) | Appeal from the Circuit Court Of Cook County. |
| | ) | No. 01 L 8264 |
| Plaintiff-Appellee, | ) | |
| | ) | The Honorable |
| v. | ) | Margaret Ann Brennan, |
| | ) | Judge Presiding. |
| INTEGRATED MATERIAL MANAGEMENT SERVICES, INC., | ) ) | |
| | ) | |
| Defendant-Appellant. | ) | |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Griffin and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appeal of Integrated Material Management Services is dismissed for lack of jurisdiction where notice of appeal was filed more than 30 days after denial of the motion to reconsider.

¶ 2     The circuit court granted Cellmark, Inc.'s (Cellmark) motion to revive a 2002 judgment against Integrated Material Management Services, Inc. (IMMS).   IMMS filed a timely motion to reconsider that was denied on June 11, 2018.  IMMS then filed a motion to strike

the motion to revive and to vacate the order reviving the judgment, arguing that the court lacked personal jurisdiction over IMMS. The circuit court denied the motion to vacate on July 16, 2018, and IMMS filed a notice of appeal on July 24, 2018. IMMS failed to file its notice of appeal within 30 days of entry of the circuit court's June 11, 2018 order denying IMMS's motion to reconsider. Therefore, we dismiss the appeal for lack of jurisdiction.

¶ 3                                 I. BACKGROUND

¶ 4        Fiber Corporation of America (Fiber Corporation) obtained a judgment against IMMS for more than $700,000 in July 2002. Fiber Corporation promptly filed citations to discover IMMS's assets, but the circuit court stayed all collection proceedings, placing the case on the bankruptcy calendar. IMMS was involuntarily dissolved in December 2002. In 2007, Fiber Corporation transferred its interest in the judgment against IMMS to Cellmark. In April 2018, Cellmark filed a motion to revive the 2002 judgment against long-defunct IMMS. Cellmark served process on Peter Matsukis, who had held all shares of IMMS stock in 2002. IMMS did not respond to the motion to revive the judgment. On April 25, 2018, the circuit court entered an order reviving the judgment.

¶ 5        On May 15, 2018, Matsukis filed a "Motion to Reconsider." The circuit court denied the motion to reconsider on June 11, 2018. On June 25, 2018, the circuit court granted IMMS leave to file a motion to vacate the order reviving the judgment. That same day, IMMS filed an "Emergency Motion to Strike Petitioner's Motion to Revive Judgment," asking the court to vacate the revival order because the court did not have personal jurisdiction over IMMS. On July 16, 2018, the circuit court denied IMMS's motion to vacate, finding that it had personal jurisdiction over IMMS. IMMS filed a notice of appeal on July 24, 2018.

¶ 6                                    II. ANALYSIS

¶ 7        On appeal, IMMS argues that the circuit court did not have personal jurisdiction over IMMS because Cellmark could not serve process on long defunct IMMS.  Cellmark answers that IMMS did not file a timely notice of appeal, and therefore, this court lacks jurisdiction to address IMMS's argument.

¶ 8        IMMS argues the merits of this appeal, but this court is required to first consider the jurisdictional issue. *Schumacher v. Continental Air Transport Co.* 204 Ill. App. 3d 432, 434 (1990). Thirty days after the entry of a final order, the circuit court loses jurisdiction unless a post-judgment motion is filed.  *Mo v. Hergan*, 2012 IL App (1st) 113179, ¶ 31. The filing of a timely motion to reconsider will allow the circuit court to retain jurisdiction until 30 days after the resolution of the motion to reconsider.  Ill. Sup. Ct. R. 303(a)(1) (eff. Jan. 1, 2015). The filing of successive post-judgment motions will not further extend the time to appeal. *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 091064, ¶ 11.

¶ 9        The circuit court entered an order reviving the judgment on April 25, 2018. An order for revival of a judgment is a final and appealable order.  735 ILCS 5/2-1602(f) (West 2016). See also *In re Marriage of Peck*, 2019 IL App (2d) 180598, ¶ 15. The circuit court loses jurisdiction thirty days after entry of a final order.  *Havlen v. Waggoner*, 92 Ill. App. 3d 916, 917 (1981). Supreme Court Rule 303(a)(1) governs when a notice of appeal must be filed. It provides that the timely filing of a motion directed against the judgment tolls the running of the thirty days, and the deadline for filing a notice of appeal is then thirty days from the resolution of the last timely and proper post-judgment motion. *Heiden v. DNA Diagnostics Center, Inc.,* 396 Ill. App. 3d 135, 138 (2009).

¶ 10      Here, on May 15, 2018, IMMS filed a timely motion to reconsider the circuit court's revival order of April 25, 2018. The circuit court denied the motion to reconsider on June 11, 2018. When that motion was denied, the 30-day time period for filing a notice of appeal began to run. Ill. S. Ct. Rule 303(a)(1) (eff. Jan. 1, 2015). Rather than filing a notice of appeal, IMMS filed a motion to vacate the revival order alleging the circuit court had no personal jurisdiction over IMMS. On July 16, 2018, the circuit court denied IMMS's motion to vacate. Then more than 30 days after the original motion to reconsider was denied, IMMS filed its notice of appeal on July 24, 2018.

¶ 11      The policy of Rule 303 is to promote the finality of the circuit court judgments. See *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981). "A second post-judgment motion (at least if filed more than 30 days after the judgment) is not authorized by either the Civil Practice Act or the rules of the [Illinois Supreme Court] and must be denied." *Id*. Litigants cannot continue to file motions in the circuit court indefinitely hoping for a different ruling. The motion to vacate that was filed after the denial of the motion to reconsider, interferes with the policy of Rule 303. *Dus*, 2012 IL App (3d) 091064, ¶ 17. The notice of appeal was not timely, and as a result, this court has no jurisdiction to consider this untimely appeal.

¶ 12      IMMS presents a compelling argument on whether the right to revive a judgment against a dissolved corporation can extend beyond the statutory five-year winding up period. *Michigan Indiana Condo Assn. v. Michigan Place, LLC*, 2014 IL App (1st) 123764. However, IMMS failed to follow the procedural steps to give this court the jurisdiction to consider that argument.

¶ 13     When no notice of appeal is timely filed, the party wishing to appeal is "not entirely without recourse.  He still ha[s] another 30 days to move this court for leave to file a late notice of appeal" under Illinois Supreme Court Rule 303(d).  *Peraino v. City of Winnebago*, 2018 IL App (2d) 170368, ¶ 25.  IMMS did not file a motion for leave to file late notice of appeal.  IMMS still may request supervisory or other relief from the supreme court. *Id.*

¶ 14                             III. CONCLUSION

¶ 15     Because IMMS did not file the notice of appeal within 30 days of the denial of its motion to reconsider entered on June 11, 2018, this court lacks jurisdiction to consider the untimely appeal.  We dismiss the appeal.

¶ 16     Appeal dismissed.