NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190014-U

NOS. 4-19-0014, 4-19-0015, 4-19-0017 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 24, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v.      (No. 4-19-0014) | ) | Coles County |
| MICHAEL A. GLOVER, | ) | No. 12CF236 |
| Defendant-Appellant. | ) | |
| ------------------------------------------------------------------ | ) | |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | No. 12CF329 |
| Plaintiff-Appellee, | ) | |
| v.      (No. 4-19-0015) | ) | |
| MICHAEL A. GLOVER, | ) | |
| Defendant-Appellant. | ) | |
| ------------------------------------------------------------------ | ) | |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | No. 12CF355 |
| Plaintiff-Appellee, | ) | |
| v.      (No. 4-19-0017) | ) | Honorable |
| MICHAEL A. GLOVER, | ) | Brien J. O'Brien, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Steigmann and Justice Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court granted the Office of the State Appellate Defender's motion to withdraw, vacated the trial court's judgments, and ordered defendant's motion order *nunc pro tunc* be stricken.

¶ 2     This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel on appeal on the ground no meritorious issues can be raised in this case.  For the following reasons, we grant OSAD's motion, vacate the trial court's judgments, and order the motion for order *nunc pro tunc* be stricken.

¶ 3                                    I. BACKGROUND

¶ 4            In July 2012, the State charged defendant, Michael A. Glover, with burglary in Coles County case No. 12-CF-236. Defendant posted bond after spending 60 days in custody. In September 2012, the State charged defendant with unlawful possession of a stolen motor vehicle in Coles County case No. 12-CF-329. Defendant posted bond after spending eight days in custody. In October 2012, the State charged defendant with burglary in Coles County case No. 12-CF-0355. Defendant posted bond after spending 32 days in custody.

¶ 5            In November 2012, the State charged defendant with nine felony offenses in Champaign County case No. 12-CF-1913. *People v. Glover*, 2018 IL App (4th) 160058-U, ¶¶ 2, 6. In December 2013, defendant pleaded guilty to one count of unlawful possession of a stolen vehicle in Champaign County case No. 12-CF-1913, and the trial court sentenced him to nine years' imprisonment with 399 days of pretrial incarceration credit.

¶ 6            Following sentencing in Champaign County, defendant was transferred to the Coles County jail. In May 2014, defendant pleaded guilty to the charges in the three Coles County cases. In Coles County case No. 12-CF-236, defendant was sentenced to 10 years' imprisonment with credit for 60 days of pretrial detention. In Coles County case No. 12-CF-329, defendant was sentenced to 10 years' imprisonment with credit for 8 days of pretrial detention. In Coles County case No. 12-CF-355, defendant was sentenced to 10 years' imprisonment with credit for 32 days of pretrial detention. The sentences in the three Coles County cases were concurrent to each other but consecutive to the nine-year sentence in Champaign County case No. 12-CF-1913. At the May 2014 guilty plea hearing, defendant asked about credit for his time in the Coles County jail following his transfer after being sentenced in Champaign County. The trial court explained the days would count toward the sentence in his Champaign County case.

¶ 7       Defendant began filing motions to sort out his pretrial detention credit. In May 2015, the trial court held a hearing on defendant's motion to withdraw his guilty pleas. The court reviewed each mittimus and confirmed defendant had 100 total days of pretrial sentencing credit split between the three cases. The court amended the mittimus in Coles County case No. 12-CF-329 to reflect eight days of credit. The amended judgment noted the credit for pretrial detention was separate in the three cases and did not overlap. The amended judgment further noted that defendant's time spent in the Coles County jail following his sentencing in Champaign County was time served pursuant to the sentence imposed in Champaign County. Defendant again asked about credit from the date of his plea in Champaign County until he pleaded in Coles County, and the court explained that he was serving his prison sentence for the Champaign County case at that time.

¶ 8       At a hearing in December 2015, defense counsel explained he spoke with attorneys in Champaign County to figure out how to work around the way the Department of Corrections calculated and awarded pretrial detention credit split between the cases. Per the agreement, the pretrial incarceration credit in the Coles County cases was changed to zero, while Champaign County increased the pretrial incarceration credit from 399 days to 499 days, allowing defendant to receive all his credit.

¶ 9       Defendant appealed the denial of his motion to withdraw his guilty plea. In June 2016, the matter was remanded for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). After the remand, defendant appealed and argued his counsel was ineffective for failing to argue for relief on defendant's claim for pretrial incarceration credit. This court rejected the claim, finding defendant could not prevail on an ineffective assistance of counsel claim. *People v. Glover*, 2017 IL App (4th) 160716-U, ¶¶ 33-34.

¶ 10　　　　　In January 2016, defendant filed a petition for relief from judgment asserting that when he pleaded in Champaign County he was told he would receive an eight-year sentence in Coles County, and he sought to enforce a 17-year aggregate plea deal. The petition was denied and defendant appealed, consolidating the appeal with an appeal of the denial of his postconviction petition in Champaign County. This court found defendant failed to state a legal basis for relief in his petition for relief from judgment. *Glover*, 2018 IL App (4th) 160058-U, ¶ 45.

¶ 11　　　　　In March 2018, defendant filed a postconviction petition asserting ineffective assistance of counsel. The day after the postconviction petition was filed, the trial court summarily dismissed the petition. Defendant appealed, and this court reversed and remanded for further postconviction proceedings. *People v. Glover*, No. 4-18-0197 (2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 12　　　　　In October 2018, defendant filed a motion for order *nunc pro tunc*, asking the trial court to correct the mittimus to reflect credit in the Coles County jail from December 2013, when he was transferred from Champaign County, to his plea hearing in May 2014. The motion stated that credit for those days had not been applied toward any other sentence. The following day, the trial court denied the motion. The court found the issue of credit for the December 2013 to May 2014 period was brought before Judge Teresa Righter in May 2015, and the court ultimately ruled that the time defendant sought credit for was actually part of the sentence from Champaign County that defendant began serving after his December 23, 2013, guilty plea. The docket entry noted defendant failed to challenge this ruling.

¶ 13　　　　　In November 2018, defendant filed a motion for reconsideration, alleging the trial court denied his motion because it was resolved in a prior ruling, but he "is still not being

awarded the full amount that is due." Defendant asserted he was entitled to the 100 days of pretrial incarceration credit plus an additional 130 days for the time between his guilty plea in Champaign County (December 23, 2013) and his guilty plea in Coles County (May 2, 2014). Defendant argued the mittimus should "be amended to reflect 629 days, not just 499 days, which were ordered on May 19, 2015, but somehow it did not get honored by the IDOC." Defendant attached the amended judgment described in paragraph seven above.

¶ 14     In December 2018, the trial court issued a memorandum opinion dismissing the motion for reconsideration. The court detailed the foregoing procedural history of the case and found defendant had been properly credited for a total of 499 days of pretrial incarceration credit. The court concluded, "[w]hile the court understands that the defendant was transferred to Coles County after the sentence was imposed in Champaign County and was held in the Coles County jail until his guilty pleas on 5/2/14, that does not entitle him to additional sentencing credit in Coles County."

¶ 15     This appeal followed. On appeal, OSAD, appointed counsel for defendant, filed a motion for leave to withdraw as defendant's counsel and attached a memorandum of law. On its own motion, this court granted defendant leave to file additional points and authorities by March 6, 2020. Defendant has not done so.

¶ 16                         II. ANALYSIS

¶ 17     OSAD indicates it has reviewed the record and concluded any request for review would be without merit. OSAD argues (1) defendant cannot seek additional sentence credit in a motion for order *nunc pro tunc* and (2) defendant is not entitled to credit for the period of December 2013 to May 2014.

¶ 18                       A. Order *Nunc Pro Tunc*

¶ 19        Whether an order satisfies the legal criteria for a *nunc pro tunc* order is reviewed *de novo*. *People v. Merritt*, 395 Ill. App. 3d 169, 178, 916 N.E.2d 631, 639 (2009).

¶ 20        The trial court loses jurisdiction to hear a cause after the expiration of the 30-day period following the entry of a final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 8, 4 N.E.3d 474. "[I]f there is proper evidence of a clerical error, the court may use a *nunc pro tunc* order at any time to correct the mistake." *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368, ¶ 16, 101 N.E.3d 780. Judicial action taken by a court but inadvertently omitted due to a clerical error may be incorporated through a *nunc pro tunc* order. *Id.*

¶ 21        The purpose of a *nunc pro tunc* order is to make the record correspond with what a court decided in the past. *People v. Coleman*, 2017 IL App (4th) 160770, ¶ 22, 90 N.E.3d 1043. "Such orders may be used to correct clerical errors, but may not be used to challenge a court's previous decision." *Id.* A judicial error is a failure to follow the law and such an error may not be corrected by a *nunc pro tunc* order. *Id.* ¶ 23.

¶ 22        Here, the 130 days at issue have never been credited to defendant as part of his pretrial incarceration credit. The trial court's May 2015 order attempted to solve defendant's problem by clarifying that the time served from December 2013 to May 2014 was part of the sentence Champaign County imposed on him on December 23, 2013. Defendant seeks to correct the finding that the 130 days were part of his Champaign County sentence, which is a perceived judicial error. A motion for order *nunc pro tunc* is not the proper filing for this purpose.

¶ 23        Defendant did not challenge the trial court's order finding the 130 days were part of his Champaign County sentence. More than 30 days have passed since that 2015 ruling. Because the trial court lacked jurisdiction to address defendant's motion for order *nunc pro tunc*, this court "is limited to considering the issue of jurisdiction below." *Bailey*, 2014 IL 115459,

¶ 29. Because the trial court lacked jurisdiction to address the merits of defendant's attempt to correct a judicial error, we vacate the court's judgments of October 23, 2018, and December 18, 2018. We further order defendant's motion for order *nunc pro tunc* stricken.

¶ 24                                B. Pretrial Incarceration Credit

¶ 25        Whether a defendant is entitled to credit for pretrial incarceration is reviewed *de novo*. *People v. White*, 357 Ill. App. 3d 1070, 1073, 831 N.E.2d 657, 660 (2005).

¶ 26        Here, even if defendant filed the proper motion for pretrial incarceration credit, he is not entitled to double credit for the 130 days he spent in custody in Coles County because those days were being served as part of his Champaign County case, and his Coles County sentences were consecutive to the Champaign County sentence. Consecutive sentences are treated as a single term of imprisonment, and a defendant is not entitled to double credit for days spent incarcerated on more than one offense simultaneously. *People v. Latona*, 184 Ill. 2d 260, 271, 703 N.E.2d 901, 907 (1998). Therefore, the trial court properly rejected defendant's request for credit against his Coles County cases for the 130 days served as part of his Champaign County case.

¶ 27                                III. CONCLUSION

¶ 28        For the reasons stated, we grant OSAD's motion to withdraw as counsel on appeal, vacate the trial court's October 23, 2018, and December 18, 2018, judgments, and order defendant's motion stricken.

¶ 29        Vacated.