2022 IL App (2d) 210487-U
No. 2-21-0487
Order filed March 28, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).s

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| LISA CASTLETON, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19-L-231 |
| | ) | |
| STORAGE CONCEPTS, INC., d/b/a | ) | |
| All  Seasons Ice Rink, | ) | Honorable |
| | ) | Robert G. Kleeman, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices Hutchinson and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We lack jurisdiction over this appeal where defendant's motion to reconsider was not filed within 30 days of the summary judgment entered for plaintiff, and, thus, the motion did not toll the time for appeal. Although the motion was initially submitted within 30 days of the summary judgment, the clerk's office properly exercised its discretion to reject the motion because the required filing fee was not included. Also, *nunc pro tunc* relief was not appropriate because the motion to reconsider did not seek to rectify a clerical error in the summary judgment.

¶ 2    Plaintiff, Lisa Castleton, appeals from (1) the summary judgment entered in the circuit court of Du Page County in favor of defendant, Storage Concepts, Inc., d/b/a All Seasons Ice Rink,

and (2) the denial of her motion to reconsider. Because the trial court lacked jurisdiction to rule on the motion to reconsider, we lack jurisdiction over this appeal and dismiss it.

¶ 3                                    I. BACKGROUND

¶ 4       In February 2019, plaintiff filed a one-count negligence complaint against defendant, alleging that she was at defendant's ice rink when she fell and injured her shoulder due to a defect in the floor.

¶ 5       In December 2020, defendant moved for summary judgment, contending that, as a matter of law, plaintiff could not establish that a defect in the floor caused her fall. On March 11, 2021, following a hearing on the motion, the court granted summary judgment for defendant on plaintiff's complaint.

¶ 6       On April 12, 2021, at 2:15 p.m., plaintiff electronically submitted a motion to reconsider the grant of summary judgment. The responsive e-mail from the electronic filing system stated near the top that the "filing below has been submitted to the clerk's office for review. Please allow 24-48 hours for clerk office processing." Plaintiff's counsel did not include a filing fee with the electronically submitted motion to reconsider.

¶ 7       On April 13, 2021, at approximately 8:31 a.m., an e-mail from the electronic filing system notified plaintiff's counsel that the April 12, 2021, submission had been reviewed and returned for further action. It further stated that the submission had been rejected because it did not include a $75 fee for filing a motion to reconsider. Later on the morning of April 13, 2021, plaintiff (1) resubmitted the motion to reconsider along with the $75 filing fee and (2) submitted a motion for an extension of time (the clerk's office accepted both documents for filing that day). The motion for an extension of time relied exclusively on Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011), which states that "[t]he court, for good cause shown *** , may extend the time for filing

any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." Plaintiff's counsel contended that a "motion to reconsider" was not among the filings listed on the court's fee schedule and that, in his experience, surrounding judicial circuits did not charge a filing fee for such a motion. Thus, he asserted that, because his failure to pay the filing fee was due to "a misunderstanding, mistake, or inadvertence," he had shown good cause under Rule 183 for the court to deem the motion to reconsider filed on April 12, 2021.

¶ 8    Defendant responded that, because the motion to reconsider was not filed within 30 days of the summary judgment, as required by section 2-1203(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1203(a) (West 2020)), the trial court lacked jurisdiction to consider it.

¶ 9    The trial court held a hearing on the motions to reconsider and for an extension of time. The court construed the latter as "a motion to deem as timely filed." In arguing that "good cause" existed for the late filing, plaintiff's counsel reiterated that, due to the wording of the fee schedule and his experience in other courts, he did not think that a filing fee was required for a motion to reconsider. In its response, defendant relied on *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368, to argue that the court lost jurisdiction because the motion to reconsider was filed more than 30 days after the entry of the summary judgment.

¶ 10    Relying on *Peraino*, the court found that, because the motion to reconsider was filed more than 30 days after the final judgment, the court no longer had jurisdiction to rule on the motion to reconsider. Although plaintiff did not seek such relief, the court noted that the motion to reconsider could not be corrected *nunc pro tunc*, because there was nothing in the record to show that it was filed late because of a clerical error. Although plaintiff's counsel "understandably" did not realize that a filing fee was required for a motion to reconsider, that misapprehension did not constitute a

clerical error justifying *nunc pro tunc* relief. Absent a ground for *nunc pro tunc* relief, the court found that it lacked jurisdiction to rule on the motion to reconsider.

¶ 11    The court entered a written order denying the motions to reconsider for an extension of time. Plaintiff filed this timely appeal.

¶ 12                                   II. ANALYSIS

¶ 13    On appeal, plaintiff contends that the trial court erred in (1) denying her motion for an extension of time to file the motion to reconsider and (2) granting summary judgment, because there was circumstantial evidence that a defect in the floor was the cause in fact of plaintiff's fall.

¶ 14    Defendant argues that we lack jurisdiction over this appeal, and we agree. Illinois Supreme Court Rule 303(a)(1) (eff. Jan. 1, 2017) requires that a notice of appeal be filed within 30 days after the entry of the final judgment appealed from or, if a timely posttrial motion directed against the judgment is filed, within 30 days after entry of the order disposing of the last pending postjudgment motion directed against the judgment. Ill. S. Ct. R. 303(a)(1). Section 2-1203(a) of the Code establishes the deadline for filing a posttrial motion in a nonjury case. 735 ILCS 5/2-1203(a) (West 2020). Section 2-1203(a) provides that any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for rehearing, retrial, vacatur or modification of the judgment, or for other relief. 735 ILCS 5/2-1203(a) (West 2020). Absent a timely-filed posttrial motion, the trial court loses jurisdiction over the case 30 days after it enters the final judgment. *Peraino*, 2018 IL App (2d) 170368, ¶ 13.

¶ 15    The summary judgment entered on March 11, 2021, was a final judgment for purposes of Rule 303(a)(1). Plaintiff did not file a notice of appeal within 30 days after the trial court entered the summary judgment. Instead, plaintiff filed a motion to reconsider, which was a posttrial motion

directed against the summary judgment. However, the motion to reconsider had to be filed within 30 days of the summary judgment to extend the time for filing a notice of appeal. See Ill. S. Ct. R. 303(a)(1) (eff. Jan. 1, 2017). Plaintiff filed the motion to reconsider on April 13, 2021, 33 days after the summary judgment. The court had lost jurisdiction over the case 30 days after the summary judgment. See *Peraino*, 2018 IL App (2d) 170368, ¶ 15. Correspondingly, because the time for filing a notice of appeal was not extended beyond 30 days after the entry of the summary judgment, we lack jurisdiction to consider the merits of the appeal. See *Peraino*, 2018 IL App (2d) 170358, ¶ 15 (citing Ill. S. Ct. R. 303(a)(1)); *People v. Bailey*, 2014 IL 115459, ¶¶ 28-29.

¶ 16    Plaintiff, however, contends that, had the trial court granted her *nunc pro tunc* relief, her motion to reconsider would have been timely and, hence, the court would have had jurisdiction to rule on the motion to reconsider. Because *nunc pro tunc* relief was not available, we disagree.

¶ 17    Although a trial court loses jurisdiction to review the substance of its final judgment after 30 days, if there is proper evidence of a clerical error, the court may apply *nunc pro tunc* relief at any time to correct the clerical mistake. *Peraino*, 2018 IL App (2d) 170368, ¶ 16. Put another way, a *nunc pro tunc* order incorporates into the record judicial actions taken by the court that were inadvertently omitted due to clerical error. *Peraino*, 2018 IL App (2d) 170368, ¶ 16 (citing *People v. Melchor*, 226 Ill. 2d 24, 32 (2007)). However, such a correction must be based on a note, memorandum, or paper contained in the court record, and it cannot rest on a recollection of an individual or on a new affidavit or testimony. *Peraino*, 2018 IL App (2d) 170368, ¶ 16.

¶ 18    Here, as in *Peraino*, plaintiff did not allege any error in the summary judgment, much less a clerical error in that judgment. Moreover, the evidence she sought to rely on—pertaining to the clerk's rejection based on the missing filing fee—came from outside the record. Thus, plaintiff was not entitled to *nunc pro tunc* relief.

¶ 19    Although plaintiff also relied on Rule 183 below, she does not do so on appeal. Accordingly, she has forfeited any such argument. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Further, even if plaintiff sought relief under Rule 183, we could not grant it. See *Peraino*, 2018 IL App (2d) 170368, ¶ 20 (by its plain terms, Rule 183 applies only to the time limits for pleadings and to time limits set by the Supreme Court Rules, and not the deadline in section 2-1203(a)).

¶ 20    We also reject plaintiff's argument that her motion to reconsider was timely because she submitted it to the clerk, and served it on defendant, within 30 days of the summary judgment. First, plaintiff has offered no supporting legal authority for that argument. Thus, she has forfeited it. See Ill. S. Ct. R. 341(h)(7) eff. Oct. 1, 2020). Second, mere submission of a motion to the clerk for filing does not render it filed. It is well established that a submission must first be accepted by the clerk to be considered filed. See *Ayala v. Goad*, 176 Ill. App. 3d 1091, 1094 (1988) (a submission is considered filed once the clerk reviews and accepts it for filing); see also *Ganja v. Johnson*, 6 Ill. App. 3d 701, 703 (1972) (where the clerk accepts a document for filing, the court acquires jurisdiction over the subject matter). Here, as discussed, the clerk rejected the submission of the motion to reconsider because of a lack of a proper filing fee. Because the clerk did not accept the submission for filing until the next day, it was filed beyond the 30-day deadline in section 2-1203(a).

¶ 21    Plaintiff further asserts that it would have "been more prudent to accept the filing and then request payment or sent Plaintiff's counsel a bill." As we stated in *Ayala*, it is well established that the statutory requirement that filing fees be paid in advance is directory rather than mandatory. *Ayala*, 176 Ill. App. 3d at 1095. Accordingly, the payment of a filing fee is not a necessary condition precedent to the filing of a complaint for statute of limitations purposes (*Ayala*, 176 Ill. App. 3d at 1095)—nor, we think, to the filing of a postjudgment motion that extends the time for

appeal under Rule 303(a)(1). Nonetheless, the clerk has the discretionary authority to require that the filing fee be paid in advance. *Ganja*, 6 Ill. App. 3d at 703 (the clerk may refuse to accept a submission unless the fee is paid, and, in such an event, the court acquires no jurisdiction over the subject matter of the submission). Such jurisdictional failure does not occur because the fee was not paid but, rather, because the submission was not accepted for filing of record in the court. *Ganja*, 6 Ill. App. 3d at 703.

¶ 22    Here, the clerk had the authority to reject the motion to reconsider that was submitted without the filing fee. The clerk was under no obligation to accept the submission as filed without first obtaining the filing fee.

¶ 23    We note that Illinois Supreme Court Rule 9(d)(2) (eff. Aug. 14, 2020), which applies to electronic filing in the circuit courts, states: "If a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." However, plaintiff did not rely on Rule 9(d)(2) in the trial court or in this court. Thus, she has forfeited any argument in that regard. See *Knezovich v. Hallmark Insurance Co.*, 2012 IL App (1st) 111677, ¶¶ 14-15; Ill. S. Ct. R. 341(h)(7). Further, the record does not show any basis, beyond the clerk's mere failure to accept the submission, that would constitute good cause within the meaning of Rule 9(d)(2). See *Davis v. Village of Maywood*, 2020 IL App (1st) 191011, ¶ 21 (holding that Rule 9(d)(2)'s broad language indicates that a court must consider the totality of the circumstances in assessing good cause). The barebones assertion that plaintiff's counsel considered the fee schedule not to apply to a motion to reconsider does not alone establish good cause under Rule 9(d)(2).[1]

---

[1] Rule 9(d)(1) (eff. Aug. 14, 2020) states: "If a document is untimely due to any court-

¶ 24    Because we lack jurisdiction over this appeal, we need not address the merits of the trial court's entry of summary judgment.

¶ 25                                    III. CONCLUSION

¶ 26    For the reasons stated, we dismiss this appeal for lack of jurisdiction.

¶ 27    Appeal dismissed.

---

approved electronic filing system technical failure, the filing party may seek appropriate relief from the court, upon good cause shown." We held in *Peraino* that this language did not extend jurisdiction for the trial court to backdate a late-filed motion to reconsider. *Peraino*, 2018 IL App (2d) 170368, ¶ 21. We have no occasion here to consider whether Rule 9(d)(2) would likewise extend the trial court's jurisdiction.