2023 IL App (1st) 211609-U

No. 1-21-1609

Order filed January 30, 2023

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SEAN DAILEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 L 448 |
| | ) | |
| SAM L. AMIRANTE, Individually and as Agent of SAM | ) | |
| L. AMIRANTE & ASSOCIATES P.C., | ) | Honorable |
| | ) | John H. Ehrlich, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Lavin and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court lacked jurisdiction to consider plaintiff's (1) untimely motion to reconsider the dismissal of his amended complaint and (2) untimely motion for leave to file the motion to reconsider *nunc pro tunc* to the 30th day after entry of the order dismissing the amended complaint. We therefore dismiss the motion to reconsider and affirm the trial court's order denying the *nunc pro tunc* motion for lack of jurisdiction. This court lacks authority to consider the merits of the judgment dismissing the amended complaint as the appeal was untimely filed from that judgment.

¶ 2     Plaintiff Sean Dailey filed a breach of contract action against defendants Sam L. Amirante, individually and as agent of Sam L. Amirante & Associates, P.C. The trial court dismissed plaintiff's amended complaint with prejudice. Plaintiff filed an untimely motion to reconsider and then a motion for leave to file the motion to reconsider *nunc pro tunc* to the 30th day from the dismissal order (the *nunc pro tunc* motion). The court denied the *nunc pro tunc* motion for lack of jurisdiction. On appeal, plaintiff contends that the court erred in (1) denying the *nunc pro tunc* motion, because he tried to file the motion to reconsider within 30 days but had electronic filing issues, and (2) dismissing his amended complaint. We dismiss the motion to reconsider and affirm the trial court in all other respects.

¶ 3     The record on appeal lacks a report of proceedings. The following background is adduced from the common law record. Plaintiff filed his complaint alleging breach of contract, legal malpractice, and breach of fiduciary duty in January 2020. The court granted defendants' motion to dismiss and plaintiff filed an amended complaint in March 2021, alleging only breach of contract. On July 23, 2021, the court granted defendants' motion to dismiss the amended complaint with prejudice.

¶ 4     Plaintiff electronically filed a motion to reconsider, which is marked as being filed with the circuit court clerk at 6:36 a.m. on August 24, 2021. Also on August 24, 2021, at 10:43 a.m., plaintiff electronically filed a motion seeking leave to file the motion to reconsider *nunc pro tunc* to August 23, 2021.[1]

---

[1] The 30th day after entry of the July 23, 2021, final judgment dismissing the amended complaint with prejudice fell on Sunday, August 22, 2021. Thus, for purposes of calculating the 30-day period for filing a postjudgment motion, the 30th day was Monday, August 23, 2021. See 5 ILCS 70/1.11 (West 2020).

¶ 5      The *nunc pro tunc* motion alleged plaintiff's counsel "prepared and attempted to file" the motion to reconsider on August 23, 2021. Counsel had internet access but "was unable to access the log in page of the filing portal, despite attempting several times to do so by various means." Counsel therefore emailed the "unfiled" motion to reconsider to the trial court judge and opposing counsel at 11:52 p.m. on August 23, 2021. Further attempts to access the electronic filing system "over the ensuing hour" were unsuccessful but, "[s]everal hours later," counsel was able to file the motion. Plaintiff asserted that counsel's inability to access "the Court's approved" electronic filing portal "was not caused by any mistake or error attributable to Plaintiff or his attorney, but rather by an operational failure of the system itself." Plaintiff argued that there was, therefore, good cause for granting the *nunc pro tunc* motion, and defendants would not be prejudiced as a result.

¶ 6      Defendants responded that the trial court lacked jurisdiction to grant the relief requested because more than 30 days had passed from the entry of the judgment at the time the *nunc pro tunc* motion was filed. Citing *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368, defendants argued that a motion to reconsider must be filed within 30 days and, while the trial court can generally backdate a filing that faced online filing issues, it cannot do so once it loses jurisdiction.

¶ 7      Plaintiff attempts to distinguish *Peraino* on grounds that the technical issues in that case involved user error, whereas the technical issues here were caused by glitches in the circuit court's electronic filing system. However, plaintiff acknowledges his counsel "never received any indication that his access to the *** electronic filing system was interrupted, suspended or terminated ***." In addition, unlike in *Peraino*, plaintiff's allegations regarding "the Court's electronic filing system" are unverified.

¶ 8 On November 15, 2021, the trial court denied the plaintiff's motion for leave to file *nunc pro tunc* to August 23, 2021, plaintiff's motion to reconsider (filed on August 24, 2021) the July 23, 2021 order dismissing plaintiff's amended complaint. Citing *Peraino*, the court found that "a trial court loses jurisdiction over a case 30 days after entry of a final judgment." The trial court explained that like the plaintiff in *Peraino*, the plaintiff in this case "filed his motion to reconsider 31 days after this court entered a final judgment. This court entered its dismissal order on July 23, 2021, and [plaintiff] filed his motion to reconsider on August 24, 2021. Since [plaintiff] filed his motion one day too late, this court lost jurisdiction and cannot hear his motion to reconsider."

¶ 9 On appeal, plaintiff contends that that the trial court erred in (1) denying the *nunc pro tunc* motion, because he tried to file a motion to reconsider within 30 days of judgment but had electronic filing issues, and (2) dismissing his complaint as amended. Defendants respond that the trial court lacked jurisdiction, as does this court, and, alternatively, that the dismissal was proper.

¶ 10 Supreme Court Rule 303(a)(1) (eff. July 1, 2017) provides:

> "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a *timely* posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." (Emphasis added.)

¶ 11 Section 2-1203 of the Code of Civil Procedure provides that, in civil cases not disposed of by jury trial, a motion to reconsider the judgment may be filed "within 30 days after the entry of the judgment or within any further time the court may allow *within the 30 days or any extensions thereof.*" (Emphasis added.) 735 ILCS 5/2-1203(a) (West 2020). "[A] trial court loses jurisdiction

over a case and has no authority to vacate or modify a final judgment once 30 days have elapsed, unless a timely postjudgment motion has been filed." *Habitat Company, LLC v. Peeples*, 2018 IL App (1st) 171420, ¶ 15.

¶ 12    Supreme Court Rule 9(d)(1), governing electronic filing of documents, provides that, "[i]f a document is untimely due to any court-approved electronic filing system technical failure, the filing party may seek appropriate relief from the court, upon good cause shown." Ill. S. Ct. R. 9(d)(1) (eff. Feb. 4, 2022). Similarly, "[i]f a document submitted electronically is not filed or is rejected, the court may, upon good cause shown, enter an order permitting the document to be filed effective as of the date of the attempted first filing." Illinois Supreme Court, Electronic Filing Standards and Principles § 10(b) (amend. Sep. 16, 2014)(hereinafter Filing Standards § 10(b)). We review *de novo* the jurisdiction of the circuit court and the application of the supreme court rules. *Law Offices of Brendan R. Appel, LLC v. Georgia's Restaurant & Pancake House, Inc.*, 2021 IL App (1st) 192523, ¶¶ 52, 68.

¶ 13    In *Peraino*, the plaintiff electronically filed a motion to reconsider a summary judgment order shortly after midnight on January 4, 2017, a few minutes past the filing deadline on January 3, 2017. *Peraino*, 2018 IL App (2d) 170368, ¶¶ 4-6. The plaintiff then filed a motion for leave to file his motion to reconsider *nunc pro tunc* to January 3, 2017, arguing, in relevant part, that his counsel began the "e-filing process" before midnight on January 3, 2017, but the circuit court's website "would not upload the motion" until 12:03 a.m. on January 4, 2017. *Id.* ¶ 6. The motion was supported by the affidavit of plaintiff's paralegal describing "her attempt to upload the motion beginning at about 11:58 p.m." *Id.* The trial court denied the motion, finding "no reason" to order

that the motion to reconsider be backdated as it was filed on the 31st day due to "user error," not "technical defects" in the electronic filing system. *Id.* ¶ 8.

¶ 14   *Peraino* found the effect of Supreme Court Rule 303(a)(1) and section 2-1203 was that, because plaintiff filed his motion to reconsider more than 30 days after the final judgment being challenged (summary judgment in favor of the county), the trial court lacked jurisdiction to consider the motion to reconsider and plaintiff's subsequent request to backdate that motion. *Id.* ¶¶ 1, 13-15, 24. It also found this court lacked jurisdiction to consider the merits of plaintiff's appeal because "plaintiff failed to file a notice of appeal within 30 days after the entry of the trial court's final judgment." *Id.* ¶ 15.

¶ 15   The court noted the general authority in Supreme Court Rule 9(d)(1) and Filing Standards § 10(b) to backdate a filing to the date of an unsuccessful filing attempt, including that they "do not explicitly limit the time in which the court may enter an order backdating a document." *Id.* ¶ 19. However, it found Supreme Court Rule 303(a)(1) and section 2-1203(a) supersede that general authority, as "supreme court rules that give a court authority to take specific actions presuppose that the court has jurisdiction of the case." *Id.* Therefore, when a party "did not file a motion directed against the judgment (or obtain an extension to do so) within the 30 days, the trial court lost jurisdiction." *Id.* ¶ 20. Thus, the lapse of 30 days divested the trial court of jurisdiction to backdate the motion. *Id.* ¶ 21.

¶ 16   While the trial court may correct a clerical error *nunc pro tunc* at any time, such errors must arise from "judicial actions taken by the court that were inadvertently omitted" from an order or other reflection of that judicial action. *Peraino*, 2018 IL App (2d) 170368, ¶ 16. The "trial court loses jurisdiction to review the substance of its final judgment after 30 days" but not to make its

orders reflect the substance of its judgment. *Id.* Since plaintiff "did not seek to correct a clerical error in the trial court's judgment," the court could not provide him relief after 30 days. *Id.*

¶ 17    The technical failures at issue in *Peraino* were caused by user error. Therefore, Supreme Court Rule 9(d)(1), which addresses technical failures in electronic filing systems, was inapplicable. *Id.* ¶ 22. Because the trial court's jurisdiction to consider the merits of the *nunc pro tunc* motion had lapsed, its ruling on the merits of the motion was void. *Id.* ¶ 15 (following *People v. Bailey*, 2014 IL 115459, ¶¶ 28-29). On review, the trial court's denial of the *nunc pro tunc* motion was vacated and the motion was dismissed. *Id.* ¶¶ 15, 27; *Bailey*, 2014 IL 115459, ¶¶ 28-29 ("Because the trial court lacked jurisdiction, its ruling on the merits of the motion was void.").

¶ 18    Similarly, while attempting to file a motion to reconsider on the 30th day after judgment, plaintiff here allegedly encountered electronic filing issues. As a result, the motion was filed one day late. Plaintiff attempted to remedy the timeliness issue by seeking leave to file the motion to reconsider *nunc pro tunc* to the 30th day. Plaintiff was clearly seeking reconsideration of the trial court's substantive decision, not mere correction of a clerical error. Relying on *Peraino*, the trial court correctly held it lacked jurisdiction to grant a reconsideration motion, or a *nunc pro tunc* motion not aimed at a clerical error, once the 30th day from the judgment has ended. *Id.* ¶¶ 1, 13-16. On review, this court has jurisdiction to consider the trial court's jurisdiction but not to address the merits of the appeal because the time for filing a notice of appeal was not tolled by a timely motion attacking the judgment. *Id.*; see also *Bailey*, 2014 IL 115459, ¶¶ 27-29 (court cannot consider the merits of a case when it lacks jurisdiction, but appellate court has jurisdiction to determine whether the trial court lacked jurisdiction).

¶ 19    Finally, our review of plaintiff's unverified claim that his technical issues were caused by electronic filing system flaws is hindered by an insufficient record. The record does not contain a report of proceedings or acceptable substitute of the circuit court proceedings. Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). It is well-established that the appellant has the burden to present a sufficiently complete record of the proceedings below to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of such a record, "this court presumes that the order entered by the trial court was in conformity with the law and had a sufficient factual basis," and any doubts arising from the incomplete record will be construed against plaintiff. *Lytle v. Country Mutual Insurance Co.*, 2015 IL App (1st) 142169, ¶ 28 (citing *Moenning v. Pacific R.R. Co.*, 2012 IL App (1st) 101866, ¶ 38 and *Foutch*, 99 Ill. 2d at 392).

¶ 20    In this case, the trial court did not consider the merits of plaintiff's *nunc pro tunc* motion and correctly denied the motion for lack of jurisdiction. See *Bailey*, 2014 IL 115459, ¶¶ 28-29 (denial of a motion on the merits is void where the court lacks jurisdiction; appellate court must vacate the judgment and order the motion be dismissed). We affirm that judgment.[2]

¶ 21    Accordingly, the motion to reconsider is dismissed as it was filed after the trial court lost jurisdiction. See *id.* ¶ 29. The trial court's judgment is affirmed in all other respects.

¶ 22    Affirmed; motion dismissed.

---

[2] We note that the trial court denied, rather than dismissed, the *nunc pro tunc* motion. However, it is clear the court entered its disposition based entirely on lack of jurisdiction. We therefore deem the *nunc pro tunc* motion to be properly dismissed. See *Bailey*, 2014 IL 115459, ¶¶ 28-29 (when a court lacks jurisdiction, the error lies in a court addressing the merits and not limiting itself to jurisdiction).